A. J. McCoy, Appellant, v. John W. Clark,

**Injunction:** INTOXICATING LIQUORS. A temporary injunction may be granted against a person holding a permit to sell intoxicating liquors, if he keeps or sells the same in his pharmacy contrary to law, under Acts Twenty-third General Assembly, chapter 35, section 2, providing that every permit holder shall be subject to all the proceedings and actions, criminal or civil, whether at law or in equity, authorized by the laws "now" or "hereafter" in force for any violation of "this" act, and the acts for the suppression of intemperance, and any law regulating the sale of intoxicating liquors, and in case of conviction in any proceeding, civil or criminal, all the liquors in his possession may, by order of the court, be destroyed.

**Intoxicating Liquors:** PERMIT IS NOT PROPERTY. An order under the Iowa statutes granting a permit to sell intoxicating liquor confers no property right, and amounts to no more than the mere privilege to sell, under certain conditions, granted in the exercise of the police power of the state.

*Appeal from Appanoose District Court.*—Hon. F. W. Eichelberger, Judge.

Tuesday, January 25, 1898.

Application for temporary writ of injunction, which was denied, and plaintiff appeals.—*Reversed.*

*Baker & Moore* and *J. A. Elliott* for appellant.

*Mabry & Payne* for appellee,

LADD, J.—The question involved in this case is whether a temporary writ of injunction may be granted against a person holding a permit to sell intoxicating liquors, if he keeps for sale or sells the same in his pharmacy contrary to law. Section 7, chapter 35, Acts Twenty-third General Assembly prohibits the sale by permit holders for any purpose other than therein specified. The permit is a trust reposed in the holder, granted after being shown worthy, and may be revoked by the court or judge, on the complaint of three citizens, "if it shall appear upon such hearing, that the accused has in any way abused the trust, or that liquors are sold by the accused or his employes in violation of law or if it shall appear that any liquor has been sold or dispensed unlawfully or has been unlawfully obtained at said place from the holder of the permit or any employe assisting therein, or that he has in any proceedings, civil or criminal, since receiving his permit, been adjudged guilty of violating any of the provisions of this act for the suppression of intemperance." Section 12 is in part as follows: "Every permit holder or his clerk, under this act, shall be subject to all the penalties, forfeitures and judgments and may be prosecuted by all the proceedings and actions, criminal and civil, and whether at law or in equity, provided for or authorized by the laws now or hereinafter in force for any violation of this act, and the acts for the suppression of intemperance, and any law regulating the sale of intoxicating liquors and by any or all of such proceedings applicable to complaints against such permit holder; and the permit shall not shield any person who abuses the trust imposed by it or violates the laws aforesaid, and in case of conviction in any proceeding, civil or criminal, all the liquors in possession of the permit holder may by the order of the court be destroyed." This language seems very explicit.

It provides for the prosecution of the permit holder, "whether at law or in equity," and an action to enjoin is the only one maintainable in equity. The last clause expressly subjects him to actions for injunction, as these are the only civil proceedings in which orders for the destruction of liquors may be entered. The provision for the destruction of all liquors in possession obviates the objection, which might otherwise be urged, that a portion were kept for lawful sale, and indicates a revocation may have been intended, as none are to be left with him for sale under the permit. The remedy mentioned in section 7 is not exclusive in terms, and not so intended. The permit may be revoked on complaint of three citizens, without resorting to the more drastic remedies by indictment or injunction, or these may be insisted upon under the plain provisions of section 12 of the act. In no other way may all the provisions of this chapter be given force and effect, which must be done, if possible, under the rules of construction. The abatement and destruction of the liquors would as inevitably revoke a permit for the time being as might be done in a direct proceeding for that purpose, and whether permanently we are not called upon to determine. The order granting the permit conferred no property right, and amounted to no more than the mere privilege to sell, under certain conditions, granted in the exercise of the police power of the state (*State v. Schmidtz,* 65 Iowa, 556; *State v. Mullenhoff,* 74 Iowa, 271; *Hurber v. Baugh* 43 Iowa, 514); and was taken subject to all the conditions and provisions of the act, and no good reason appears for not giving to all of these effect. If the permit holder not only violates the law, but also the trust reposed in him, there is the greater cause for subjecting him to all the penalties of the law. The temporary writ of injunction ought to have been granted. The appeal was from rulings excluding evidence and refusing such writ. The

appellee had no occasion to put in his defense. The appellant is not, therefore, entitled to final decree, and attorney's fees can only be taxed, under the statute, on hearing to make the injunction perpetual.—REVERSED.