A. J. McCoy, Appellant, v. John W. Clark and a certain building.

**Liquor Nuisance:** ABATEMENT: *Construction of statutes.* Under Code, section 2408, providing that, where it is proved a place is a nuisance on account of unlawful sale of liquors, an order shall be entered closing the building against its use for the purpose prohibited, and so keeping it for one year, and section 2410, providing that, if the owner give bond to abate the nuisance, the court may allow him to open the place for other purposes, the intention is that, unless such bond is given, the place must be effectually closed, and a decree that the place be closed against the purpose prohibited, "but not as against any other use," is erroneous.

*Appeal from Appanoose District Court.*—HON. F. W. EICHELBERGER, Judge.

SATURDAY, OCTOBER 21, 1899.

ACTION to enjoin the defendant from keeping and maintaining a nuisance in a building described by therein keeping for sale and selling intoxicating liquors in violaton of law, and to abate the nuisance. The court found the existence of the nuisance to be established, and plaintiff's attorneys presented for approval a form of decree ordering the destruction of the liquors, the removal and sale of the fixtures, furniture, vessels, and movable property used in conducting the unlawful business, and that the sheriff of the county "effectually close the said building against its use for any purpose prohibited by title 12, chapter 6, of the Code of Iowa, as the same is now in force, and so keep it closed for one year, unless sooner released." The defendant, McCoy, objected to that part of the decree quoted above, and thereupon the court inserted in the decree the words, "but not as against any other use or purpose," and, as thus changed, approved the same, and to this the plaintiff excepted, and from it he appeals.—*Reversed.*

*Baker & Moore* for appellant.

*Mabry & Payne* for appellee.

GIVEN, J.—I.   Sections 2408 and 2410 of the Code are as follows:

"Sec. 2408.   Abatement.   If the existence of the nuisance be established in a civil or criminal action, an order of abatement shall be entered as a part of the judgment in the case; which order shall direct the destruction of the liquor, the removal from the building or place of all fixtures, furniture, vessels or movable property used in any way in conducting the unlawful business and sale thereof, in the manner provided for the sale of chattels under execution, and the effectual closing of the building, erection or place against its use for any purpose prohibited in this chapter, and so keeping it for a period of one year, unless sooner

released. If any one shall break or use a building or place so directed to be closed, he shall be punished as for contempt as provided in the preceding section. For removing and selling the movable property, the officer shall be entitled to charge and receive the same fees as he would for levying upon and selling like property on execution, and for closing the premises and keeping them closed, a reasonable sum shall be allowed by the court."

"Sec. 2410. Abatement by Owner. If the owner appears and pays all costs of the proceeding, and files a bond with sureties to be approved by the clerk in the full value of the property, to be ascertained by the court, or, in vacation, by the clerk, auditor and treasurer of the county, conditioned that he will immmediately abate said nuisance and prevent the same from being established or kept therein within a period of one year thereafter, the court, or, in vacation, the judge, may, if satisfied of his good faith, order the premises closed under the order of abatement to be delivered to said owner, and said order of abatement canceled so far as the same may relate to said property; and if the proceeding be an action in equity, and said bond be given and costs therein paid before judgment and order of abatement, the action shall be thereby abated. The release of the property under the provisions of this section shall not release it from any judgment, lien, penalty or liability to which it may be subject by law."

This section is against the thing as well as the person. *Craig v. Werthmueller,* 78 Iowa, 598. Its purpose is to restrain the person and abate the nuisance. The existence of the nuisance being established, decree as provided by said section 2408 must be entered, unless the action has been abated by the owner giving bond and paying costs before judgment and order of abatement, as provided in said section 2410. The action was not thus abated, and the question is whether the decree should order the building to be effectually closed against all uses or purposes, or only against

the keeping for ale and selling intoxicating liquors in violation of law.  The evidence is not before us, nor is it necessary to the determination of this question; the existence of the nuisance being established, and the action not having been abated under section 2410, the question is simply as to the form of the decree.  The existence of the nuisance being established, the defendant, McCoy, must be restrained, and the nuisance abated.  It is abated by destroying the liquors and removing the fixtures, furniture, vessels, and movable property used in conducting the unlawful business, "and the effectual closing of the building, erection, or place against its use for any purpose prohibited in this chapter (chapter 6, tit. 12, Code), and so keeping it for a period of one year unless sooner released."  If the question under consideration was to be determined by the language just quoted, it would seem plain that the building should only be closed against its use for the unlawful purpose, and not as against any other use or purpose; but to arrive at the legislative intent we must look to the entire statute on the subject, and the evil sought to be remedied thereby.  It is a notorious fact, emphasized in our legislation, that the carrying on of a lawful business in the building or place is frequently used as a cover for the unlawful traffic in intoxicating liquors; hence to close the building against the unlawful sale of liquors, and leave it open for the other business, would be to preserve the very cover which the law seeks to remove.  The building cannot be "effectually" closed against the liquor traffic if it is open for the business that serves as a cover for that traffic.  The language, "against its use for any purpose prohibited by this chapter," has reference to the cause for which the building is to be closed, rather than the manner of abating the nuisance.  It is a nuisance because it was kept for purposes prohibited by that chapter, and the manner of abating the nuisance is by effectually closing it against all uses for one year, unless released under the provisions of section 2410.  If this was

not the legislative intent, why the provisions of section 2410 as to how the owner may release his property from the order? He cannot release it as to the unlawful sale of intoxicating liquors, and, if it is not closed as to other uses or purposes, there is no necessity for the owner availing himself of the provisions of section 2410. If the building is not to be closed as against all uses, why the provision punishing "any one who shall break or use the building so directed to be closed"? and why compensate the sheriff "for closing the premises, and keeping them closed," if he is not in fact to do so? The decree, as presented by plaintiff's counsel, is in the language of the statute, and, as we construe the statute, would have the effect of effectually closing the building for one year against all uses, unless sooner released under the provisions of section 2410; and should have been approved. The case will be remanded for decree in harmony with this opinion.—REVERSED.