111    37
f133   631

111    37
139    473
f140   680

111    37
f144   684

## STATE OF IOWA v. R. R. SWALLUM, Appellant.

**Request for Liquor:** DESCRIPTION OF RESIDENCE. Under Code, section 2394, providing that, before selling intoxicating liquors to any person, a request must be signed by the applicant stating for whom and for whose use the liquor is required, his residence, and, where numbered, by street and number, if in a city, etc., an applicant for the purchase of liquors for his own use must state in his request his residence, by street and number, if he lives in a city where the residences are numbered.

**Specification of Use Intended.** Code, section 2385, provides for the sale of alcohol for "specified" chemical and mechanical purposes. Section 2394 provides that the request of the applicant for the purchase of intoxicating liquors must state, "the actual purpose for which the request is made and for what use desired." *Held*, that the purchaser of alcohol must specify in his request the exact purpose and use for which it is required.

*Oversight and mistake no defense.* The requirements of law providing for the sale of liquor for certain purposes and in a certain manner, and naming the things that the seller must do before making such sale, may not be avoided by him by proving oversight, forgetfulness or mistake.

**Instructions:** EVIDENCE: A witness said he "had bought prescriptions for others, but did not know how they read or whether they called for intoxicating liquors or not." There was no evidence that the prescriptions sold this witness contained intoxicating liquor. *Held*, it was error to submit the question whether defendant sold intoxicating liquors upon a physician's prescription without taking a written request therefor.

*Appeal from Hardin District Court.*—Hon. S. M. Weaver,
Judge.

Thursday, April 12, 1900.

The defendant was tried on an indictment for nuisance,
in the sale of intoxicating liquors.   He was convicted, and
appeals.—*Reversed.*

*H. L. Huff* and *Nagle & Nagle* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van
Vleck,* Assistant Attorney General, for the State.

Sherwin, J.—The instructions of the court submitted
to the jury the question of whether the defendant sold intoxi-
cating liquor upon a physician's prescription, without tak-
ing a written request therefor.   The only evidence before
the court, touching that question, was that of a witness who
testified "that he bought prescriptions for others, but did
not know how they read, or whether they called for
intoxicating liquors or not."   There was no evidence
that the prescriptions sold by defendant to this wit-
ness contained intoxicating liquors.   The instruction com-
plained of submitted to the jury a material question of fact
upon which there was no evidence, and was prejudicial
error.   *State v. Archer,* 69 Iowa, 420; *White v. Spangler,*
68 Iowa, 222; *Negley v. Cowell,* 91 Iowa, 256.

II.   The jury was instructed, in substance, that an
applicant for the purchase of intoxicating liquor for his own
use must state in his request therefor his residence, by
street and number, if he live in a city where the resi-
dences are numbered.   We think this the proper
construction of the statute.   If the applicant makes
the purchase for another, he must give the street and num-
ber of the user, and in such case is only required to state his
own residence generally; but, if he is to use the liquor him-

self, he must describe his residence with the same particularity required when he purchases for another. In other words, we think the statute requires the specific location of the user of liquor, if he live in a numbered city. If he does not live in such city, but lives in a town or village, he should give the name of the town or village in which he resides. If in the country, the township and county are sufficient. The contention of the defendant that he may avoid these requirements of the law by proving oversight, forgetfulness, or mistake cannot be sustained. The law provides for the sale of liquor for certain purposes, and points out the manner of sale, and names the things that the seller must do before making it. The sale of liquor is a special privilege granted to him, to be exercised only in strict compliance with the requirements of the statute, and it is his duty to know that he brings himself within the law. To hold otherwise would be to open wide the door for the evasion of this statute, and give it a meaning at variance with its intent and purpose. *State v. Thompson,* 74 Iowa, 122, is directly in point in principle. What we have already said disposes of the objections to the ninth instruction. We cannot agree with the position of counsel for defendant as to the tenth instruction. Section 2835 of the Code provides for the sale of alcohol for specified chemical and mechanical purposes. The request for liquor must state "the actual purpose for which the request is made and for what use desired." If for medicinal use, it must so state. If for chemical or mechanical purposes, the exact purpose and use for which required must be specified by the purchaser. No other construction can be given the statute, unless we eliminate therefrom the word "specified," which was placed therein for the evident purpose of guarding against deception and fraud in the sale of liquor. Nor does this holding broaden or add to section 2394, which provides, as we have seen, that "the actual purpose" and "the use for which required" must be stated. This instruction correctly

states the law, and is supported by evidence. We find no error in the exclusion of testimony. Because of the error pointed out herein, the case is reversed and remanded.— Reversed.