M. H. PEAK, Appellant, v. J. W. BIDINGER, ET AL., Appellees.

**Intoxicating liquors:** INJUNCTION: DEFENSES. One who sells intoxicating liquor must comply with the statute in respect thereto; and he cannot show, in defense to an action to enjoin the sale, that he was acting in good faith or that other dealers violated the statute in the same manner.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR, Judge.

FRIDAY, JANUARY 18, 1907.

ACTION in equity to enjoin the maintenance of an alleged liquor nuisance. Decree for the defendants, and plaintiff appeals.— *Reversed.*

*E. R. Acres,* for appellant.

*Chas. E. Ransier,* for appellees.

WEAVER, J.— The defendant Bidinger is the holder of a permit for the sale of intoxicating liquors for lawful purposes in the town as Quasqueton. The evidence tends to show without substantial dispute that while holding such permit he sold intoxicants to at least one person who was in the habit of using such liquors as a beverage, while the clear

weight of the testimony is to the effect that other similar sales were made by him.  It moreover appears that in several instances the written requests upon which sales were made did not contain a correct statement of the residence of the purchaser as required by law, and the incorrect statement was in some instances written in the blank by the defendant himself.  He also wholly failed to make and file in the office of the county auditor the affidavit, required by Code, setion 2397, to the correctness of the bimonthly returns of sales made by him.  To say nothing of other testimony, the above makes it sufficiently clear that the decree of the district court must be reversed.

Much of the argument in behalf of appellee is devoted to the insistence that he acted in good faith, that other reputable permit holders are continually making similar mistakes, and that, while such facts would be no defense to a criminal prosecution, the court may consider them in a civil action for an injunction and refuse the relief demanded. This is not our view of the law.  It is not a question of good faith or integrity of purpose, but is one of observance of the law.  No one is under obligation to keep or sell intoxicating liquors, and when he voluntarily undertakes the business he must at his peril conform to the conditions which the law imposes upon it.  It is no answer to say that the law is harsh and unjust, or that the infraction thereof by the seller has been slight.  That consideration must be addressed to the lawmaking or to the pardoning power.  The court can only inquire whether the law has been violated and, where such is found to be the case, enter decree accordingly.  We think it would be exceedingly difficult for any candid person to read the record in this case and avoid the conclusion that the law was clearly and repeatedly violated by the appellee.  *Harlan v. Richmond,* 108 Iowa, 161; *McCoy v. Clark,* 104 Iowa, 491; *State v. Russell,* 95 Iowa, 406.

The cause will be remanded to the district court for the decree in conformity with this opinion.— *Reversed.*