HENRY W. RIZER, Appellant, v. W. J. TAPPER AND OTHERS, Appellees.

**Intoxicating liquors:** NUISANCE: INJUNCTION: DEFENSES.  A pharmacist who violates the specific requirements of the statute regulating the sale of intoxicating liquor, thus rendering the place where business is carried on a nuisance under the statute, will not be heard to say in response to an action to enjoin the nuisance that he was acting in good faith; or, that the party bring the matter to the attention of the court acted from questionable motives.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C. PLATT, Judge.

MONDAY, MARCH 11, 1907.

ACTION in equity to enjoin an alleged liquor nuisance. Petition dismissed, and plaintiff appeals.— *Reversed,* and *remanded* for decree.

*E. R. Acres,* for appellant.

*C. E. Ransier,* for appellee.

PER CURIAM.— It is conceded that the appellee W. J. Tapper was, and for some years had been, a pharmacist, holding a permit for the sale of intoxicating liquors for lawful purposes at the town of Rowley in Buchanan county, Iowa. The evidence also discloses without substantial dispute that at his said place of business the appellee made numerous sales of liquors on written requests or applications of purchasers in which the requirements of the statute that such request shall contain a true statement of the applicant's residence, also the street and number of such residence if in a city, were entirely ignored, and that in other cases the residence was given incorrectly to the appellee's knowledge. Other sales were made where the purchaser is very clearly shown to have been addicted to the use of intoxicating liquors as a beverage, and in the habit of becoming intoxicated. In one such case the purchaser testifies that appellee had told him he was buying too much liquor for medical purposes, but adds that appellee continued to make sales to him thereafter. In other instances, sales were made to one person for the use of another without any statement in the request as the statute requires that the person for whose use the purchase was made did not habitually use intoxicating liquors as a beverage. In another instance the request states that the purpose is "for family use;" and still another request for a half-gallon of whisky is vouched for by the written request of another saying: "Please let Mack have a half-gallon of whisky." Indeed, the record is replete with evidence of surprising carelessness, if not defiance, of the clear and unambiguous conditions which the statute imposes upon the sale of intoxicants. The appellee offered no evidence in his own behalf. On cross-examination of the plaintiff, he stated that he lived at considerable distance from the town of Rowley, had no personal acquaintance with the appellees, and no personal knowledge of alleged violation of the law by the appellees, except as he had heard it from others. He also said he did not employ or agree to pay the attorney who

represented him in the case, but that he consented to become plaintiff at the request of others who were interesting themselves in enforcing the liquor laws. He also said that he had brought the action in good faith for the purpose of abating a nuisance, and believed the statements made in the petition were true.

On this showing, the district court found that the allegations of plaintiff's petition were not true; that "any sales made to parties where the applications did not fully comply with the statute were made without any intent to violate the law; that no necessity exists for an injunction to restrain defendants from commission of the future acts in violation of law; that the place described in the petition does not constitute a nuisance; that the equities of the case are with the defendants; and that the prosecution of the case is not in good faith; and that the attorney representing the plaintiff was not employed by him." The costs were therefore taxed to the plaintiff, and cause dismissed.

We confess to no little difficulty in discovering in the record any basis for this decree. When the statute specifically provides that the doing of certain acts, or the transaction of a particular business, in violation of certain specified conditions, shall render the place where such acts are done, or such business is carried on, a nuisance, and the fact is clearly and indisputably shown that such prohibited acts have been done and such express conditions have been violated, it is not within the jurisdiction or power of the courts to say that the law shall not have its effect because the party admittedly in fault had no corrupt intent, or because the party bringing the violation of law to the attention of the court may not have been moved thereto by motives which the court regards with favor. Statutes are not thus subject to judicial repeal. If anything is well established with reference to this particular statute, it is that liability for its violation cannot be avoided by a plea of good faith, or by showing that the methods

adopted by the accused answer the same purpose as the statutory provision, or that no harm was done in the specific instances of violation which are subject of inquiry. *State v. Swallum,* 111 Iowa, 39; *State v. Harris,* 122 Iowa, 81; *State v. Thompson,* 74 Iowa, 119; *State v. Sartori,* 55 Iowa, 340; *Dudley v. Sautbine,* 49 Iowa, 650; *State v. Ward,* 75 Iowa, 637; *State v. Gregory,* 110 Iowa, 627; *Peak v. Bidinger,* 133 Iowa, 127.

It should be remembered that no man is under obligation of any kind to engage in this traffic, and if he chooses so to do he is bound to observe the restrictions and conditions with which the Legislature has seen fit to surround it. So long as he complies with those conditions he is safe, and the law will protect him in his business; but if he fails in such compliance the protection is withdrawn, the business is illegal, and the place where it is carried on is a nuisance against which any citizen in the county whether near or remote may institute injunction proceedings. It is not for us to consider whether these conditions are wise or unwise, or whether as an abstract proposition they are just or unjust. They exist. They are prescribed by the lawmaking power of the State. Being so prescribed, it is the unquestionable duty of the individual citizen to respect them, and of the courts, when called upon so to do, to enforce the penalties for their violation.

Nor can we find any good reason for dismissing the petition in the suggestion that the suit was not brought in good faith, or that the attorney representing the plaintiff was not employed by him. The action was not brought without the plaintiff's authority. He personally verified the petition therein. He attended the trial in person, was a witness therein, accepting responsibility for his action as plaintiff, and swearing that he instituted it in good faith for the suppression of an alleged nuisance. The fact that he was acting in conjunction with others, and allowed his name to be used as plaintiff in furtherance of a common purpose to prose-

cute violators of the law, and that he assumed no direct responsibility for the selection of counsel, or payment of counsel fees, is wholly immaterial. If plaintiff was legally qualified to maintain the action (and of that there is no dispute), it does not lie in the mouth of the defendant, when charged with the maintenance of a nuisance, to question the motive of the citizen who prefers the charge, or to ask immunity from prosecution because some undisclosed person or persons have assumed responsibility for the payment of counsel bringing the action. It is the defendant who is on trial, and not the plaintiff, and it is the acts and conduct of the defendant, and not those of the plaintiff, into which inquiry is to be made — a distinction which seems to have been lost sight of at times during the progress of this proceeding.

The decree of the district court must be reversed, and cause remanded for a decree in harmony with this opinion. — *Reversed.*