S. E. LONG and A. B. BUSH, Appellants, v. A. T. JODER and JOE SLUSHER.

Intoxicating liquors: SALES BY DRUGGIST: USE AS A BEVERAGE: EVIDENCE. Twelve sales of liquor by a druggist to one person in two months, where there was evidence tending to show that such person was an habitual user of liquor, is sufficient to show that the same was purchased as a beverage.

Same: REQUESTS: STATUTORY REQUIREMENTS. The statutory requirements must be complied with by a druggist in the sale of liquor; and a failure to give the true name and residence of the person for whose use the liquor is purchased cannot be excused on the ground of carelessness.

Same. When a purchaser of liquor lives in a town or village the statement in the request that he resides in the county is not sufficiently specific to comply with the statute.

Same: INJUNCTION. Where it appears that sales of liquor were frequently made by a druggist in violation of the law prior to the bringing of an action to enjoin the same, an injunction should not be refused on the ground that no illegal sales have been made since the action was commenced and probably will not be in the future.

*Appeal from Blackhawk District Court.—* HON. FRANKLIN C. PLATT, Judge.

TUESDAY, JULY 7, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

ACTION to enjoin a liquor nuisance. An injunction was refused and the plaintiffs appeal.— *Reversed* and *remanded.*

*Dunshee & Dorn,* for appellants.

*Mullan & Pickett,* for appellees.

SHERWIN, J.— The defendant A. T. Joder is a registered pharmacist, and holds a permit to sell intoxicating liquor on premises owned by the defendant, Joe Slusher. The petition alleges numerous sales of liquor to persons in the habit of using intoxicating liquors as a beverage, and many sales where the requests for the liquor do not give the name of the street or the number of the residence of the purchaser. Sales were also made where the liquor was declared to be for the use of a third person without giving the residence of such person, and sales were made where the requests therefor gave the residence of the purchaser as Grundy county, and one sale was made where the residence was given as " Minnesota." The trial court held the evidence insufficient to show that sales had been made to persons who habitually used intoxicating liquors as a beverage, but found there had been technical violations of the law in a good many instances.

The returns to the auditor showed twelve sales to one purchaser in two months, and, in addition to this, there was evidence tending to show that such person was an habitual user of liquor as a beverage. While the record does not disclose the quantity dispensed at each sale, the sales were frequent enough to clearly indicate the use of liquor as a beverage, and we very much doubt the correctness of the finding on the question of fact.

1. INTOXICATING LIQUORS: sales by druggist: use as a beverage: evidence.

Aside from this, however, the record does show, as said by the trial court, many violations of the law. Code, section 2394, provides that a request must be signed by the applicant " in his true name, truly dated, stating the applicant is not a

minor, his residence, for whom and whose use the liquor is re-

**2. Same: requests: statutory requirements.** quired, and his true name and residence, and, where numbered, by street and number, if in a city." As we have already said, sales were made for third persons whose residence was not given, and who the record shows were not members of the applicant's family. The requirement of the statute that the true name and residence of the person for whose use the liquor is purchased must be given by the applicant cannot be brushed away on the ground that it is a technical requirement only, and that a failure in such respect does not show an intentional violation of the law. The plain requirements of the statute must be met by the druggist, and, if he fails to comply therewith, even though it be through carelessness alone, he is guilty of a violation of the law. *State v. Gregory,* 110 Iowa, 624; *State v. Swallum,* 111 Iowa, 37.

It is not shown that sales were made to applicants living at the time in numbered residences. Hence there was no violation of the law in that respect. In *State v. Swallum, supra,* we considered to some extent the re-

**3. Same.** quirement of the statute as to giving the residence, and, while the question was not directly involved therein, we said that, if the applicant lived in the country, the "township and county would be sufficient." In the instant case applicants gave the county only, and this the appellants contend was sufficient. The evident purpose of the requirement is for identification, otherwise the street and number would not be required in numbered cities. It will hardly be contended that a person living in a town or village can give his residence as in the county without being more specific, and we do not think the statute is enlarged by requiring that the township be given when the residence of the applicant does not bring him within the other requirements. The statement that one resides in the county is very general, and does not furnish ready means of identification, and to require that the township of the residence be given imposes

no burden on the applicant or on the druggist who is trying to comply with the law.

The trial court seems to have refused the injunction on the ground that the defendant Joder had not even technically violated the law after this suit was commenced, and that he probably would not do so in the future. This may be true; but, where it appears that sales in violation of law were frequently made before suit was brought and that the party still continues in the business, we think the court cannot well refuse the writ. It should have issued, and the judgment is reversed and the case remanded for proceedings not inconsistent with this opinion. —*Reversed* and *remanded.*

4. SAME: injunction.