HARRY B. STROMERT, Appellee, v. FRANK A. JOHNSON, Appellant.

**Intoxicating liquors:** REQUESTS TO PURCHASE: COMPLIANCE WITH
1  STATUTE. A statement of the purpose for which liquor is purchased of a pharmacist must be in compliance with the requirements of the statute: Thus, the statute permitting a pharmacist to sell alcohol for specified chemical and mechanical purposes upon request is not complied with by inserting in the blank left in a printed form of request, as his statement of the purpose for which the liquor was procured, the single word "chemical" or the abbreviation "chem."

**Same:** ILLEGAL SALES: EVIDENCE: INJUNCTION. The fact that illegal
2  sales of liquor were not made by a pharmacist personally, but through others in his store and without his authority, is not a

defense to an action to enjoin the conduct of his business as a nuisance because of illegal sales. In this action the evidence of illegal sales is held sufficient to support an injunction.

*Appeal from Hamilton District Court.*—HON. R. M. WRIGHT, Judge.

TUESDAY, NOVEMBER 23, 1909.

ACTION in equity to enjoin an alleged liquor nuisance. Decree as prayed, and defendant appeals. *Affirmed.*

*Boeye & Henderson,* for appellant.

*M. S. Odle,* for appellee.

WEAVER, J.—The appellant is a pharmacist doing business at Stratford, Iowa, and it is charged that in the conduct of such business and at his said place of business he kept for sale and sold intoxicating liquors in violation of law. On the trial at least two witnesses testified to purchasing liquors at appellant's place of business without signing any request or application therefor. One other witness testified to seeing appellant or one of his assistants sell a quantity of alcohol over his counter to a third person without demanding or receiving a written request or application for the article. There was some evidence tending to show the frequent presence of intoxicated persons about the premises, and that appellant's store was reputed to be a place where intoxicants were illegally sold.

The requests for liquors purchased from appellant returned by him to the county auditor's office were produced on the trial, and among them were found a considerable

1. INTOXICATING LIQUORS: requests to purchase: compliance with statute

number not in form or substance as the law requires. For instance, the statute permits pharmacists to sell liquors for pharmaceutical and medical purposes and alcohol for specified chemical and mechanical purposes upon written re-

quest containing, among other things, a statement of the actual purpose and use for which the liquor is required. In several instances when alcohol had been sold, the blank left in the printed form of request for statement of the purpose for which the liquor was procured was filled with the single word "chemical" or the abbreviation, "chem.," and in at least one instance the blank was wholly unfilled. Still other omissions and irregularities appear in these documents. It is hardly necessary to say that a request for alcohol for "chemical" or "chem." purposes is not in any sense a compliance with the demand of the law for a statement of specified chemical purposes. *State v. Swallum,* 111 Iowa, 37. See, also, *Lang v. Joder,* 139 Iowa, 471.

Taken as a whole, the record strongly supports the conclusion of the trial court that the appellee had fairly established the case stated in his petition. True, some of the matters testified to on the part of the state are denied by the appellant on the witness stand. He denied making any illegal sales himself, and testified that none of his clerks or assistants had authority to sell intoxicants, but he does not unequivocally assert that no sales were in fact made by them. The denial made by the principal clerk in his testimony is even more guarded and unsatisfactory. The imperfect applications of purchasers are not capable of any construction consistent with the terms of the statute. Counsel seem to argue that defendant can not or ought not to be held liable in this proceeding for sales made by his brother or other persons in his store without his authority. To sustain such a claim would be to enable every pharmacist to all practical intents and purposes to make his place of business a wide-open saloon so long as he keeps about him a sufficient number of irresponsible clerks concerning whose method of conducting his business he can remain conveniently ignorant. Such defense has never been rec-

2. SAME: illegal sales: evidence: injunction.

ognized by the courts, and is, in fact, excluded by the clear and manifest terms of the statute.

The record, as presented, forbids any other result than that reached by the trial court, and the decree appealed from is therefore affirmed. Costs, including an attorney's fee for $25, are taxed to the appellant. *Affirmed.*