JOSEPHINE OFFIL, Appellant, v. WESTBROOK & COMPANY, BURR WESTBROOK ET AL.

**Intoxicating liquors:** INJUNCTION: COSTS. An injunction restraining the maintenance of a liquor nuisance may properly be denied where it appears that the defendant has in good faith abandoned unlawful sales; but where after suit was commenced defendant continued to sell without complying with the law costs of the action should have been taxed against him, including the statutory attorney fees.

APPEAL from Jasper District Court.—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, JUNE 7, 1911.

ACTION to enjoin an alleged liquor nuisance. On hearing the evidence, the court entered a decree for defendants, and the plaintiff appeals. *Modified* and *remanded.*

*M. S. Odle,* for appellant.

*McLain & Campbell,* for appellees.

McCLAIN, J.—Until January 15, 1910, the firm of Westbrook & Co., of which defendant Burr Westbrook was a member and a qualified pharmacist, owned and was operating a drug store in the city of Newton, having a permit to sell intoxicating liquors for pharmaceutical and medicinal purposes. On September 13, 1909, the petition in this action was filed charging defendants with maintaining a place where liquor was sold in violation of law. On the trial of the case, which was had in March, 1910, it appeared that among the requests filed with the county auditor in compliance with which liquors had been sold between the 1st day of July, 1909, and the 15th day of January, 1910, were several requests which were insufficient in form in that either they were not signed by the person whose signature should have been attached thereto, or that it was not stated therein for whom the liquor was purchased, or that they were not attested by defendant Westbrook as registered pharmacist carrying on the business for the firm. It further appeared, however, that on January 5, 1910, defendant Westbrook for the firm destroyed all the intoxicating liquors on hand save some alcohol, which was retained for use in manufacturing tinctures and for like purposes; and there is no evidence that after that date any sales of intoxicating liquors were made. On the trial the defendant Westbrook, in connection with his testimony as a witness, surrendered his permit to the clerk of the court, and directed that it be canceled. We think that under the evidence the court was justified in finding that on January 15, 1910, the defendants in good faith abandoned the sale of intoxicating liquors under their permit, and, further, that after such date no sales of intoxicating liquors were made on the

premises for any purpose. The court was justified, therefore, in refusing to enter a decree in accordance with plaintiff's petition.

In view, however, of the fact that prior to the commencement of the action defendants had been making sales of liquor under their permit without strict compliance with the law as to requiring and returning proper requests for liquors so sold and that for some months after the action was instituted this improper method of conducting the business was continued, we think that the costs of the action should have been taxed to defendants, and that the statutory attorney's fee should have been included. If, as in the case of *Patterson v. Nicol,* 115 Iowa, 283, the defendants had prior to the trial offered to pay the costs to that time, and asked that the proceeding be dismissed on such payment, then the court might properly have entered a decree for the defendants conditioned on the payment of the costs incurred by the plaintiff prior to the application for dismissal. The defendants alleged and relied upon entire compliance with the law, and did not rely merely on the fact that prior to the trial they had abandoned the business of selling intoxicating liquors under a permit, and it further appeared that even after the beginning of the action this business was not conducted in strict compliance with the law as to the taking, attestation, and return of the requests for liquors sold. In failing to tax the costs to defendant, we think that the court erred. In this respect the judgment of the trial court is modified, and the case is remanded to the lower court for proceedings not inconsistent with the views expressed in this opinion. *Modified* and *remanded.*