R. G. SMITH v. F. E. FOSTER and M. H. REHDER, Appellants.

**Intoxicating liquors:** SALE BY DRUGGIST: SPECIFICATION OF PURPOSE.
1 A request for the sale of liquor by a druggist holding a permit must show the purpose for which the liquor is desired, and the statement that it is desired for a "mechanical purpose" is not sufficient; there must be a further specification of the purpose for which it is desired.

**Same:** REQUESTS FOR LIQUOR: UNLAWFUL SALE. The fact that a druggist writes in the blank application for the purchase of liquor, as prescribed by statute, the number of the request, the date, and his name and number as a pharmacist, all of which precede the request proper, will not render the sale unlawful; but the statute requiring the purchaser to fill out the request in his own handwriting does not permit the druggist to insert therein the amount

and kind of liquor desired, to do which will render the sale unlawful.

**Same:** NUISANCE: INJUNCTION: COSTS. Upon proof of the illegal sale of liquor by a pharmacist a perpetual injunction should issue against him restraining such sales and he should be taxed with the costs, and the owner of the building should also be enjoined from permitting the premises to be used as a place for illegal sales; although the violation of the statute was technical and without criminal intent, and although the owner had no knowledge of the illegal sales.

*Appeal from Tama District Court.*—HON. J. M. PARKER, Judge.

SATURDAY, JANUARY 13, 1912.

ACTION in equity to enjoin the maintenance of a liquor nuisance. There was a decree for the plaintiff from which both parties appeal. As the defendants' appeal was first perfected, the defendants will be designated as appellants.—*Affirmed.*

*C. E. Walters,* for appellants.

*E. R. Acres,* for appellee.

McCLAIN, C. J.—The defendant, Foster, is a druggist having a permit for the sale of intoxicating liquors at the town of Gladbrook. The defendant, Rehder, is the owner of the building in which Foster conducts his drug store. No complaint of the violation of the intoxicating liquor law is made against Foster save that prior to the institution of this action, in May, 1910, he had in seven instances sold intoxicating liquors on requests which were irregular and insufficient because not in compliance with the specific requirements of chapter 139 of the acts of the 33d General Assembly, amendatory of Code, section 2394.

Without setting out the section and the amendment thereto in full, it is sufficient to say that a druggist holding a permit is prohibited from selling intoxicating liquors to any one in pursuance of such permit unless the applicant for such liquor signs a request in his true name, truly dated, specifying among other things "the actual purpose for which the request is made and for what use desired." It is further provided (in the amendment) that the blanks for such requests shall be furnished to the permit holder by the county auditor, and that the permit holder "shall require each applicant for liquor to fill out in his or her handwriting requests for same in · ink." A blank form of request is incorporated into the statute. To avoid any confusion as to the applicability of this decision to the present law it should be noticed that by chapter 103, Acts of 34th General Assembly, passed since the judgment in the present case was rendered, it is provided that the blank request is to be filled out by the person making the sale. The recital of purposes for which sales may be made includes "medical purposes" and "specified chemical and mechanical purposes" (Code, section 2385) and the blank request provided for in the statute contains the recital that the liquor to be described therein "is desired for . . . use," the evident intention being that the purchaser may fill up such blank by insertion of the word "medical" or some description of a specified chemical or mechanical use, or by the description of some other use specified in the section of the Code last above referred to.

I. It appears, however, from the record that the county auditor furnished to defendant, Foster, at least two forms of printed requests, in one of which the word "mechanical" was printed before the word "use" in the statutory form above referred to, without any blank left before the word "mechanical" in which to write any specification; while in the other form the word "medical" was

1 INTOXICATING LIQUORS: sale by druggist: specification of purpose.

thus inserted. From the language of the statute it appears that the insertion of the word "medical" in the statutory blank form was a sufficient description of the use for which the liquor was desired, but that the description of such use as "mechanical" was not sufficient without further specification. *State v. Swallum*, 111 Iowa, 37. The sale on a request for alcohol "for mechanical use" was therefore unlawful.

The objections urged to the requests in the other cases of sales shown by the record is that the defendant, Foster, himself, filled out the number of the request, the date, and his name and number as registered pharmacist, and also filled in the blanks left for the designation of the amount and kind of liquor applied for, requiring the applicant to fill out the blanks in the remaining portion of the requests. As already indicated, the statute required the applicant to fill out in his or her handwriting the request in ink. In the blank form given in the statute the blanks for the number of the certificate, the date, and the name and number of the registered pharmacist precede these words, "I hereby make request for the purchase of the following intoxicating liquors," following which words are blanks for the amount and the kind. It seems to us that the blanks preceding these words are not a portion of the request in such sense that they must be filled by the applicant. It would seem to be a sufficient compliance with the statute as it then stood if these blanks are filled by the pharmacist himself. On the other hand, the specification as to amount and kind is clearly a part of the request which the applicant makes and should have been filled in by himself in ink. We can see no distinction between amount and kind and the further specification as to the name, place of residence, and use, which plainly the applicant is required to designate for himself. Therefore, the filling in by Foster of the blanks left for the specifications of the amount and

2 SAME: requests for liquor: unlawful sale.

kind of liquor, was improper, and the sales made upon such requests were illegal.

II.    The lower court did not err, therefore, in finding that Foster had been selling intoxicating liquors in violation of law and perpetually enjoining him from the illegal sale of intoxicating liquors on the premises and elsewhere within the judicial district; nor in enjoining defendant Rehder from permitting his premises to be used as a place for the illegal sale of intoxicating liquors; nor in taxing the costs against defendant Foster.    It is immaterial that the violation of the statute proven was wholly technical, and, as it appears, without any criminal intent.    *State v. Harris,* 122 Iowa, 78; *Rizer v. Tapper,* 133 Iowa, 628; *Long v. Joder,* 139 Iowa, 471; *Offil v. Westbrook,* 151 Iowa, 446.

*3 SAME: nuisance: injunction: costs.*

III.    The contention on plaintiff's appeal is that the trial court erred in not ordering an abatement of the premises as a nuisance as directed in Code, section 2408. It is well settled that proof of illegal sales by a druggist under a permit is sufficient to establish the character of the place in which such sales are made as a nuisance.    *State v. Thompson,* 74 Iowa, 119; *McCoy v. Clark,* 104 Iowa, 491; *Barber v. Brennan, Judge,* 140 Iowa, 678.    The court erred therefore in not entering an order of abatement as a part of the judgment in the case.    *McCoy v. Clark,* 109 Iowa, 464; *Lewis v. Brennan, Judge,* 141 Iowa, 585.

The case will therefore be remanded to the lower court for a modification of the decree so as to order an abatement of the nuisance, which order shall apply to the premises described in the petition, for although it does not appear that defendant Rehder had had knowledge of illegal sales on the premises, the plain intention of the statute is that such an order shall issue as to the premises regardless of the knowledge of the owner that a nuisance had been maintained thereon.    The statutory provision rendering the premises occupied and used for illegal purposes in the

business of selling intoxicating liquors liable for fines and costs only when occupied and used for such illegal purpose with the knowledge of the owner or his agent (Code, section 2422) evidently relates to the lien of the judgment and not to the order of abatement directed to be entered under Code, section 2408. When such order of abatement is entered the owner of the premises may, by complying with the conditions of Code, section 2410, including the filing of a bond, have said order canceled so far as it relates to his property; or if the defendants elect to do so, they may, under the provisions of the section last above referred to, have the action abated by complying with such provisions.

The case is remanded to the lower court for further proceedings in accordance with this opinion.—*Modified* and *affirmed.*