W. H. BATCHER, Plaintiff and Appellant, v. CLARENCE NICHOLS, Judge of the Seventeenth Judicial District Court of Iowa, and C. L. WAREHAM, Defendants and Appellees.

Intoxicating liquors: SALE BY PHARMACIST: REQUEST: CONTEMPT. Before a registered pharmacist is permitted to deliver intoxicating liquor to any person, a written request must be signed by the purchaser, stating the actual purpose for which it is purchased and the person for whom desired; and a sale without such request is a violation of the statute, and will subject a pharmacist who has been enjoined from making illegal sales to punishment for contempt.

*Certiorari from Tama District Court.*—HON. CLARENCE NICHOLS, Judge.

Tuesday, May 13, 1913.

Action for contempt in the violation of an injunction against the sale of intoxicating liquors. Plaintiff brings certiorari.—*Annulled.*

*M. S. Odle,* for appellant.

*Struble & Stiger,* for appellees.

Gaynor, J.—It appears that on the 18th day of December, 1907, the defendant C. L. Wareham was permanently enjoined, by the district court of Tama county, from the illegal sale of intoxicating liquors within said judicial district, and that said injunction was in full force and effect, with the knowledge of the said C. L. Wareham. It appears that the said C. L. Wareham was a druggist, and had a permit for the sale of intoxicating liquors as such. The plaintiff herein, on the 14th day of October, 1912, filed with the clerk of the district court of Tama county an information, under oath, charging the defendant with contempt of court in violation of said injunction, alleging that on the 6th day of December, 1911, the defendant kept and sold intoxicating liquors in the town of Dysart, in said county, and unlawfully sold intoxicating liquors therein to one Vince Kosnar.

The defendant filed an answer to said information in which he admits that he sold one-half pint of brandy to the said Vince Kosnar, and that he inadvertently failed to insert in the request that the sale so made to said Vince Kosnar was for medical purposes. He says that he made the sale on the request of the said Kosnar; that said Kosnar was not in the habit of using intoxicating liquors as a beverage; was a person to whom the defendant, acting under his permit, had a right to sell; says that he had no intent or thought of violating the injunction. Defendant further says that he is a registered pharmacist; that all the intoxicating liquors sold were

sold under a permit issued to him by the district court of Tama county as a registered pharmacist; that all liquors were sold in accordance with law and his permit; that he had a right to sell to the said Kosnar; that said Kosnar bought it for a proper and legal purpose, to wit, for medicine.

It appears from the record that on the 6th day of December, 1911, the said Kosnar bought a half pint of brandy from the defendant in defendant's drug store; that at the time he purchased said liquor he signed the following application, and upon the application so signed the liquor was furnished him. It appears that he bought the liquor for medicinal purposes; that he was afflicted with rheumatism, and needed a stimulant. It appears that he told the defendant he wanted it for medical purposes; that he used it for medical purposes. It appears that he was not a man who used intoxicating liquors as a beverage. The permit on which the defendant sold the said Kosnar intoxicating liquors was as follows:

### Certified Request of Purchasers.

Dysart, Iowa, Dec. 6, 1911. No. 1450.

To C. L. Wareham, Reg. Phar. No. 7803: I hereby make request for the purchase of the following intoxicating liquors: Amount, ½ pint; kind, brandy. My true name is Vince Kosnar. I am not a minor, and reside in Oneida township (or town of Clutier, at No. R. F. D. street), in the county of Tama, state of Iowa. (If residence in city, give house and street number or name; if in county, give rural route). The actual purpose for which this request is made is to obtain the said liquor for . . . . . . . ., and the same is desired for . . . . . . . . use, and neither myself nor the said . . . . . . . . habitually use intoxicating liquors as a beverage.

Signature of purchaser: Vince Kosnar.

Attested by C. L. Wareham, Reg. Phar. No. 7803.

Attest: Frank S. Shaw, County Auditor.

Upon the record so made, the court dismissed the defendant, and the plaintiff brought certiorari, and the case is now before this court for rehearing, and the appellant asks for

reversal on the following ground: It is a violation of an injunction for a permit holder to sell intoxicating liquors without complying with the provisions of section 2394 of the Code, which provides among other thing that before a sale can be made the request must be signed by the applicant, stating the actual purpose for which the liquor is purchased, and for what use desired, and the request must also say for whose use desired.

Section 2394 reads as follows: *"Before selling or delivering any intoxicating liquors to any person,* a request must be signed by the applicant, in his true name, truly dated, stating the applicant is not a minor, his residence, *for whom and whose use the liquor is required* . . . the amount and kind required, *the actual purpose for which the request is made, and for what use desired,* and that neither the applicant nor the person for whose use requested habitually uses intoxicating liquors, as a beverage.*"*

It will be noticed, from the foregoing section, that the signing of this request is a condition precedent to the right to sell. To sell without the written request is a violation of law. It is an illegal sale. The defendant, by the decree was enjoined from making illegal sales within his drug store. He therefore, by making the sale, violated the terms of the injunction, restraining him from so doing, and is therefore subject to the charge of contempt. His intent in violating the law cannot be inquired into. It was the violation of the law that constitutes a violation of the restraining order, and the violation of the restraining order left him subject to the charge of contempt. In support of this see *State v. Swallum,* 111 Iowa, 37; *Stromert v. Johnson,* 144 Iowa, 682; *Long v. Joder,* 139 Iowa, 471; *Barber v. Brennan,* 140 Iowa, 678; *State v. Harris,* 122 Iowa, 78; *Peak v. Bidinger,* 133 Iowa, 127; *Rizer v. Tapper,* 133 Iowa, 628.

It is true that in many cases the application of this rule would work hardship, but one who assumes a business assumes all the burdens and hardships that attend it. Every man who

engages in the sale of intoxicating liquors is bound to observe all the requirements of law touching the conduct of the business. A failure to perform the conditions and carry the burdens that rest upon him, and which he assumes when he enters upon the business, is his fault, and not that of the law.

We think, therefore, that the court erred and acted wrongfully in discharging the defendant, and its action in so doing is therefore *Annulled*.