STATE OF IOWA ex rel. A. G. RIPPEY, County Attorney, Appellant, v. W. H. GRUENER et al., Appellees.

**INTOXICATING LIQUORS:** Offenses — Unlawful Sales by Permit
1  Holder. Sales of intoxicating liquor by a permit holder without entering on the request blanks the permanent street and house number of the applicant, where the same exists, are unlawful, irrespective of the high character or good faith of the seller.

**INTOXICATING LIQUORS:** Abatement—Absence of Proper Parties.
2  An order of abatement may not be entered against premises when only a part of the owners have been made parties to the action.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 13, 1923.

ACTION in equity, wherein it is alleged that Gruener Bros. and the members of the firm, one of whom holds a permit from

the district court, dated June 15, 1920, to sell intoxicating liquors, had sold such liquors contrary. to law, and that, therefore, said defendants are maintaining a nuisance. R. D. Bennett is now deceased. The trial court found for defendants, and dismissed the petition. Plaintiff appeals.—*Reversed.*

*A. G. Rippey* and *Vernon R. Seeburger,* for appellant.

*C. C. Putnam,* for appellees.

PRESTON, C. J.—E. R. Bennett, an owner of an undivided interest in the real estate, appeared and filed answer, showing that Gruener Bros. were operating a drug store under a lease, and alleging that he had no notice or knowledge of any illegal sale of intoxicating liquors upon the premises, or of any fact that would put him upon inquiry.

1. INTOXICATING LIQUORS: offenses: unlawful sales by permit holder.

The specifications wherein it is claimed that the permit holder violated the law may be stated in a general way under these headings:. (1) That in a considerable number of cases the requests of parties to purchase liquor did not give the street numbers properly, or that they were not given at all, and this in cities where the streets and houses were numbered; (2) that in other instances purchasers of liquor were not properly identified; (3) that certain requests do not bear the facsimile signature of the county auditor of Polk County then incumbent in office, but bear the facsimile of a former county auditor; (4) that defendants violated Section 2394, Code Supplement, 1913, in refusing to permit John B. Hammond, a deputy sheriff of Polk County, to inspect the liquor records, upon demand. It was further claimed that no purchase book was kept, and that a quart or two of gin seized June 10th was not covered in the report to the auditor. The last item was explained by the defendants by showing that at some time a person had left the gin with. defendants, to be sent to such person upon request, but that the request had never been made. This item and the matter of failure to keep a purchase book seem to have been explained satisfactorily to the State, and those two matters are not now argued or relied upon.

1. The requests identified and introduced in evidence run from a period in July, 1920, to April, 1921. Something over 50 of these are complained of under some of the foregoing specifications, perhaps the larger number being the failure to give the street number of the purchaser. The requests are on printed forms. As to the requests just referred to, wherein the street and number are not given, there is a blank space for filling in the street and number. It will be impracticable, within the proper limits of an opinion, to refer to all of these separately. As illustrative, one is a request for whisky by a person from Mason City, stating that the applicant résides in Mason City, "at No. General Delivery Street." The words "General Delivery" are written in with pen and ink. Another is a request for whisky by a person from Eagle Grove, "at No. General Delivery P. O. Box 373, Street," Request No. 149757; another, to the same person, under another date, "at No. P. O. Box 372 Street," Eagle Grove, No. 149518; another, by the same person, at another date, "at No. General Delivery Street," Eagle Grove, No. 149947. There are quite a number of different requests wherein the address is given in the manner indicated. Another request is by a person from Eagle Grove, "at No. Lincoln St. Street." Another request from a resident of Waterloo, who was temporarily in Des Moines, gave his address as "Des Moines Township, Savery Hotel, Room 522." Another request is similar, except that it gives the number of the room at the Fort Des Moines Hotel; another, "at No. 803 Mulberry, Majestic Hotel Street, Des Moines;" another, "at No. Majestic Hotel, 80 Mulberry Street, Room 20, Des Moines;" another, "at No. Main Genl. Del. Street Kamrar." There are a number of others, but these are sufficient for the purpose of illustration.

Section 2394, Code Supplement, 1913, provides, among other things, that:

"Before selling or delivering any intoxicating liquors to any person, a request must be signed by the applicant, in his true name, truly dated, stating * * * his residence, * * * and, where numbered, by street and number if in a city, * * * the actual purpose for which the request is made, and for what use desired. * * * The blanks for such request * * * shall be furnished * * * by the county auditor * * * and shall contain * * *

the facsimile signature of the county auditor * * * shall be furnished * * * upon payment by him to the county auditor of the actual cost of printing. * * * The permit holder shall be required to preserve the stubs in book form and shall keep them at all times subject to the inspection of the commissioners of pharmacy, the county attorney, any grand juror, sheriff or justice of the peace in the county in which such permit is in force.''

The statute is mandatory. Doubtless the legislature had a purpose in requiring that the street and number should be given. The explanation of defendants in regard to the foregoing is that the addresses were those given by the parties making the request, and that defendants acted in good faith. The statute does not contain such exceptions. They testify that they knew that the law required that the street and number should be given. The State went so far as to show that, in Mason City, Eagle Grove, and other towns where parties lived who made requests, the streets are named and the houses are numbered. It was a fact provable by defendants as to whether, in these several instances, the streets and houses where applicants for liquor lived were not numbered; and this is so even though, in some cases, as defendants testify, the applicants stated that the houses where they resided were not numbered. A permit holder has the burden of proving that the sales made by him were in compliance with the law. State v. Cloughly, 73 Iowa 626; State v. Snyder, 185 Iowa 728, 733, and cases.

The finding of the trial court at this point was that defendants requested of applicants the names and numbers of their streets, and their addresses, and were told that they had no numbered or named streets; that the permit holder had good reason to believe the statements of the applicants to be true; that the evidence shows that defendants are men of high character and integrity, and careful in the conduct of their business; and that they have acted in good faith. It may be conceded that the record shows the character of defendants to be as stated. Mr. Holsaple, superintendent of the Iowa Anti-saloon League, testifies in behalf of the defendants: that he sent people to try to buy liquor of defendants, and that they were unable to do so; and from that circumstance he states his opinion, in

substance, that they were · not violating the law in that way. He says, however, that he at no time checked up the requests and other records required by law to be kept. Other witnesses testify as to the standing of defendants. To put the best face possible upon it, it must be said that the defendants were at least careless in the matters before mentioned, and some others. There are many special requirements in the statute, one as binding as the others. If it is permissible for one, because acting in good faith, not to comply with the specific terms of the statute requiring the applicant to give the street and number, and if it is permissible, in the case of another permit holder, to fail to require that the requests be made in ink, as required, and for another to state that the liquor is desired for a mechanical purpose, without a further specification of the purpose, as required (*Smith v. Foster*, 153 Iowa 664), and so on through the entire list of requirements, the statute would soon be repealed in its entirety. In the *Smith* case, the sale was on a request for alcohol for mechanical use; and it was held that, under the statute, this was not sufficiently specific, and that the sale was, therefore, unlawful. The violations in that case were not as serious or as many as in the instant case. The instant case cannot be affirmed without overruling a large number of cases and repealing certain provisions of the statute itself. This we are not disposed to do.

Good faith in making a sale is not material, and an injunction will be decreed against a permit holder who sells intoxicating liquor without fully complying with the law. *Peak v. Bidinger,* 133 Iowa 127; *Rizer v. Tapper,* 133 Iowa 628; *State v. Stevenson,* 104 Iowa 50. Proof of a single violation is sufficient to warrant injunctive relief. *State v. Reyelts,* 74 Iowa 499; *Shideler v. Tribe of the Sioux,* 158 Iowa 417, 423; *State v. Benson,* 154 Iowa 313. The applicant must give the street and number,—the specific location of the user of liquor,—if he live in a numbered city. *Milhiser v. Gandrup,* (Iowa) 146 N. W. 843 (not officially reported); *State v. Swallum,* 111 Iowa 37; also, the *Rizer* and *Peak* cases, supra.

It is thought by appellee that the matter now under consideration, in regard to the streets and numbers, is hypercritical. We said, in the case of *Smith v. Foster,* supra, that it is imma-

terial that the violation of the statute proved was wholly technical, and, as it appears, without any criminal intent, citing *State v. Harris,* 122 Iowa 78; *Long v. Joder,* 139 Iowa 471; *Off'il v. Westbrook & Co.,* 151 Iowa 446; *Rizer v. Tapper,* supra; *Milhiser v. Gandrup,* supra. In the last cited case, we said:

"The contention of the defendant that he may avoid these requirements of the law by proving oversight, forgetfulness, or mistake cannot be sustained. The law provides for the sale of liquor for certain purposes, and points out the manner of sale, and names the things that the seller must do before making it. The sale of liquor is a special privilege granted to him, to be exercised only in strict compliance with the requirements of the statute, and it is his duty to know that he brings himself within the law. To hold otherwise would be to open wide the door for the evasion of this statute, and give it a meaning at variance with its intent and purpose. * * * We did not make the law, and it is not our function to ignore it or to set it aside by judicial construction. One who sells liquor in this state does so at his peril, and he must see that all the provisions authorizing its sale are complied with. The law is prohibitive, and the wrong is not *malum in se;* hence no other criminal intent need be shown than failure to comply with its provisions."

2. Without any detailed discussion of the other points, they may be touched upon only by the citation of cases. The seller of intoxicating liquor must, at all times, keep his records open for the inspection of the sheriff or his authorized representatives. *State v. Stevenson,* supra; *Lindsay v. Hatch,* 85 Iowa 332; Section 2394, Code Supplement, 1913. Again, the requirement that the purchaser of liquor give his residence means that he must give his permanent residence, as distinguished from a temporary residence. *Long v. Joder,* 139 Iowa 471; 34 Cyc. 1647 to 1651; Section 2394, supra. We think that the trial court erred in refusing an injunction against the defendant partnership and the individual members thereof, and against the defendant Bennett, who appeared and filed answer.

3. It is shown that defendant Bennett had no knowledge or notice of any violation, and no witnesses were introduced tending to show the reputation of the place, as bearing upon

notice. The requests for liquor were required

**2. INTOXICATING LIQUORS: abatement: absence of proper parties.** to be kept filed with the auditor, and they were so filed; so that whatever notice they impart was accessible to him. We held, in *Smith v. Foster,* 153 Iowa 664, 668, that the trial court erred in failing to order an abatement of the premises as a nuisance, as directed in the Code. We said:

"It is well settled that proof of illegal sales by a druggist under a permit is sufficient to establish the character of the place in which such sales are made, as a nuisance. * * * The court erred, therefore, in not ordering an abatement as a part of the judgment in the case."

We said, further, that, after such order, the owner could come in, and by filing a bond, have such order, so far as it relates to his property, canceled.

In the instant case, but one of several owners of the property is a party to the suit. Appellant has not called our attention to any authority for such an order when only one of several owners is in court. The matter is not argued. While the relator asks for such relief in the petition, we think we are not justified in holding that such an order may be made, under the circumstances. The abatement by closing the building could not be had against the interest of the defendant Bennett without affecting the interests of other owners not in court.

4. The petition asks for an attorney's fee for plaintiff's attorney; but we find no evidence as to the value of the services on the trial in the district court and in this court. This matter will be held open, and subject to a motion therefor.

The cause is reversed and remanded, for a decree in harmony with this opinion, or relator may have decree in this court, if he so elects, the decree to be prepared and served upon opposing counsel.—*Reversed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.