STATE OF IOWA ex rel. VERNON R. SEEBURGER, Appellee, v. JOHN C. DEENEY, Appellee, et al., Appellants.

INTOXICATING LIQUORS: Nuisance—Mandatory Abatement. Irrespective of the knowledge of the owner of property, an order of abatement of an intoxicating liquor nuisance is mandatory whenever the existence of the nuisance is established in a civil or criminal proceeding. (Sec. 2032, Code of 1924.)

INTOXICATING LIQUORS: Nuisance—Non-automatic Abatement. The fact that, when an action to abate an intoxicating liquor nuisance is brought, the building is closed and locked, under the levy of a landlord's attachment, does not constitute an ipso-facto abatement of the nuisance.

Headnote 1: 33 C. J. p. 699.  Headnote 2: 33 C. J. p. 695.
Headnote 1: 10 A. L. R. 1556; 15 R. C. L. 406.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

NOVEMBER 23, 1926.

Action in equity to enjoin and abate an alleged liquor nuisance. Decree as prayed, and the defendants Morris and B. Lappen appeal.—*Affirmed*.

*Lappen & Carlson, Faa O. Ross*, and *Wade Clarke*, for appellants.

*Ben J. Gibson*, Attorney-general, *Vernon R. Seeburger*, County Attorney, and *Loy Ladd*, Assistant County Attorney, for appellee.

STEVENS, J.—Appellants are the owners of a property in the city of Des Moines which, in January, 1924, they leased to one Wilson for a drug store, who appears to have transferred the lease to other parties. Appellee alleges in the petition that the defendant John C. Deeney occupied the building and used it as a place for the sale of intoxicating liquors. The evidence, which is not disputed, shows the sale of a half pint of alcohol on or about January 24, 1925, and that a search on the premises conducted on the same day resulted in the seizure of a coffee pot containing 11 ounces of liquid, which a subsequent analysis showed to contain 74.7 per cent alcohol. Appellants claim that they had no notice or knowledge that the premises were being used by anyone for an illegal purpose. They did not rent the place to Deeney, although Morris Lappen knew that he was in possession of, or working about, the drug store, and he was made a defendant in the attachment proceedings. Wilson paid the rent for a time, but, prior to the commencement of this action, appellants had caused a landlord's writ of attachment to be levied upon the property. The building was closed and locked by the officer making the levy of the writ. Appellants contend that the property, by virtue of such levy, was in the custody of the court when this action was commenced, and that this action will not lie; that no nuisance then existed on the premises; and that, if any ever existed, it had been voluntarily abated in good faith, and all the purposes of a judgment abating the nuisance were accomplished prior to the trial. Section 2032 of the Code of 1924 is mandatory; and, if the existence of a nuisance be established in either a civil or criminal action, an order of abatement must be entered as a part of the judgment, which shall direct the destruction of the liquor, the removal from the building or place of fixtures, furniture, vessels, or movable property used in any way in conducting the unlawful business, and the effectual closing of the building, erection, or place against its use for any purpose prohibited by the statute for a period of one year, unless sooner released. *McClure v. Braniff*, 75 Iowa 38; *Smith v. Foster*, 153 Iowa 664; *Lewis v. Brennan*, 141 Iowa 585; *McCoy v. Clark*, 109 Iowa 464. The judgment required by Section 2032 must be entered whether the owner of the premises had notice

1. INTOXICATING LIQUORS: nuisance: mandatory abatement.

or not of the unlawful use thereof. *State v. Knapp,* 178 Iowa 25; *State v. Clark,* 189 Iowa 492; and cases cited supra.

The building and premises were not in the custody of the court because of the levy of a landlord's writ of attachment upon the property of the tenant in the building. It is true that the building was closed by the officer who levied the attachment, but the final disposition of the attachment proceedings would operate to release the building, when it could be immediately re-entered by appellant by himself or by the tenant. By mutual arrangement between the defendant in this action and appellants, the latter could remain in possession of the premises and continue the existence of the nuisance. The purpose of the judgment which the statute requires the court to enter is to abate the nuisance and prevent the use of the building for an unlawful purpose for a period of one year. The record does not disclose a voluntary abatement of the nuisance. It shows nothing more than what is implied by the action for a landlord's writ of attachment. Appellant Morris Lappen testified that the owners would not lease the premises for an unlawful purpose nor permit it to be so used in the future if they knew it. Proof of the possession of a quantity of alcohol and of the sale of intoxicating liquor on the premises having been offered and not contradicted in any way, the judgment entered by the court was the one required by the statute, and, in the absence of some legal ground therefor, will not be interfered with. The statute makes adequate provision for the release of the building from the judgment. Moreover, more than one year has now elapsed since the judgment was entered.—*Affirmed.*

2. INTOXICATING LIQUORS: nuisance: non-automatic abatement.

FAVILLE, VERMILION, and MORLING, JJ., concur.