ROBERT LINDSAY, Plaintiff, v. L. O. HATCH, Judge, Defendant.

Injunction: VIOLATION PENDING APPEAL: CONTEMPT.   Where one having been enjoined by a decree of the district court from manufacturing and selling beer in a building therein described, took an appeal to the supreme court, and filed a *supersedeas* bond, and thereafter, relying upon the advice of counsel and an order of said district court, that the appeal and bond stayed all proceedings to enforce said decree, by contempt or otherwise, the injunction defendant continued to manufacture and sell beer in said building in violation of said injunction, *held*, that he was guilty of contempt, and was subject to punishment therefor under the provisions of section 12, chapter 143, of Acts of the Twentieth General Assembly, and of section 3, chapter 66, of Acts of the Twenty-first General Assembly.

THURSDAY, MAY 19, 1892.

PROCEEDING by *certiorari* to test the legality of an order refusing to punish and discharging a person accused of contempt.—*Reversed.*

*A. Chapin*, for plaintiff.

No appearance for defendant.

ROBINSON, C. J.—It appears that in the case of *Lindsay v. Hagensick* a valid decree was entered by the

district court of Clayton county in May, 1887, permanently enjoining Hagensick from manufacturing and selling beer at or in a certain building near McGregor known as his brewery. The day after the decree was entered Hagensick appealed therefrom to this court, and filed a *supersedeas* bond, which was duly approved. His counsel thereupon advised him that the appeal and bond stayed all proceedings, by contempt or otherwise, to enforce the decree, and that he could lawfully continue the manufacture and sale of beer pending the appeal. In September of that year a proceeding to punish him for contempt was brought before the court named, which held that the appeal and *supersedeas* bond stayed all proceedings for contempt during the pendency of the appeal, and on that ground the court declined to punish for the alleged contempt. After the appeal had been taken and bond given, and before the decision of the court refusing to punish as stated, Hagensick, relying upon the advice of his counsel, had manufactured and sold beer at his brewery, and after the decision of the court referred to, relying upon that and upon the advice of his counsel, he manufactured and sold beer at his brewery during the pendency of his appeal. Upon that showing made by stipulation of parties, in a second proceeding to punish Hagensick as for a contempt, the defendant, as judge of the district court of Clayton county, found Hagensick not guilty of a contempt, and discharged him. This proceeding is brought to review that action.

The first decision of the district court, refusing to punish Hagensick for contempt, was reversed in the case of *Lindsay v. Clayton District Court*, 75 Iowa, 510, where it was held that an injunction remained in full force notwithstanding the fact that an appeal had been taken from the decree which granted it, and a *supersedeas* bond had been filed, although the right to issue process on the decree was suspended. It is well.

settled that the intent with which an act in violation of an injunction is committed does not affect the character of the act, although it may properly be considered when the penalty for the act is to be fixed. *State v. Bowman*, 79 Iowa, 567; 2 High on Injunction, sec. 1418. And the fact that the act violating the injunction was done in good faith, in consequence of the advice of counsel, is no defense to a proceeding to punish the act as a contempt. 2 High on Injunction, sec. 1420. Section 1543 of the Code, as amended by section 12 of chapter 143, Acts of the Twentieth General Assembly, provides that any person who violates an injunction like that in question shall be punished as for a contempt, by a fine of not less than five hundred dollars, nor more than one thousand dollars, or by imprisonment in the county jail not more than six months, or by both such fine and imprisonment, in the discretion of the court. Section 3, of chapter 66, Acts of the Twenty-first General Assembly, provides that, if the punishment for such a contempt be imprisonment alone, it shall not be less than three nor more than six months. These statutes give to the court having jurisdiction of the matter no discretion as to punishment of a person shown to have violated an injunction, excepting as to the amount of fine or term of imprisonment, within the limits named. Where the violation is shown, punishment must follow. In this case the district court had once erroneously held that it was not a contempt for Hagensick to manufacture and sell beer at his brewery pending his appeal, but that decision was not final, and gave to him no protection against the law. He knew that his right to manufacture and sell during the time in question was disputed, and he carried on his business at his peril. It is true the defendant found that Hagensick was not guilty of a contempt, but he did so notwithstanding the fact that the violation of the

injunction was fully shown by the stipulation of the parties, and in no manner contradicted, and it should have been punished as one. In view of the facts disclosed by the record, the defendant might well have used the discretion given by law to impose the lightest punishment which would meet its requirements; but in deciding that there was no contempt, and in discharging the accused, he acted illegally. REVERSED.