CHARLES McGLASSON, Plaintiff, v. J. K. JOHNSON, Judge, Defendant.

1. **Intoxicating Liquors:** INJUNCTION: CONTEMPT: CONSTITUTIONAL LAW. Section 4 of chapter 73 of Acts of the Twenty-second General Assembly, providing that an injunction against the maintenance of a liquor nuisance shall be binding upon the parties enjoined throughout the judicial district, and that for any violation of the same anywhere within the jurisdiction of the court the parties shall be deemed guilty of contempt, and punished accordingly, is not unconstitutional as being retroactive, in so far as it provides for the punishment of a violation of an injunction granted in proceedings pending at the time said statute became a law.

2. ———: ———: DECREE: CONSTRUCTION. Such an injunction will not be taken out of the operation of such statute because of the failure of the decree to provide that it shall be binding throughout the judicial district.

3. ———: ———: CONTEMPT: TIME FOR PRONOUNCING JUDGMENT. Proceedings for contempt do not come within the provisions of section 4496 of the Code, requiring the court in criminal proceedings to fix a time for pronouncing judgment, which in no case shall be less than six hours after verdict.

*Certiorari to Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

THURSDAY, OCTOBER 20, 1892.

CERTIORARI to the defendant as judge of the sixth judicial district of Iowa.

On the thirteenth day of June, 1888, the plaintiff in this suit, as defendant in a suit then pending, was

enjoined from maintaining a nuisance by keeping and selling intoxicating liquors in a certain building in Oskaloosa, which is in the sixth judicial district of Iowa. On the twenty-sixth day of August, 1891, the plaintiff was arraigned before the defendant in his official capacity for the violation of said injunction, the violation being alleged and found to be in another building in said city of Oskaloosa. In the latter pro-ceeding the defendant therein was adjudged guilty, and a fine and imprisonment imposed. It is to test the legality of such fine and imprisonment that this pro-ceeding is instituted.—*Affirmed*.

*Liston McMillen*, for plaintiff.

*Byron W. Preston*, for defendant.

GRANGER, J.—I. The law in support of the action of the court in imposing punishment for a violation of an injunction at a place other than the one named in the writ of injunction is found in Acts of the Twenty-second General Assembly, chapter 73, section 4, as follows: "In any action to enjoin a nuisance as authorized by section 12 of chapter 143 of the Acts of the Twentieth General Assembly, and chapter 66 of the Acts of the Twenty-first General Assembly, the injunction granted shall be binding on the party or parties enjoined through-out the judicial district in which the action is brought, and any person enjoined in such action, who shall, while such injunction remains in force, again engage in, or be in any manner concerned in, the selling or keeping for sale, contrary to law, of any intoxicating liquor anywhere within the jurisdiction of the court, shall be deemed guilty of contempt of court, and punished accordingly." The act took effect April 20, 1888. The suit in which the injunction issued was commenced before and was pending when the law took

1. INTOXICATING liquors: injunction: contempt: constiutional law.

effect. It is said that the law was retroactive, and hence void, under the provisions of the constitution of the state, article 1, section 21, as follows: "No bill of attainder or *ex post facto* law, or law impairing the obligation of contracts, shall be passed." The fallacy of the position is in the assumption that "an injunction is a *quasi* punishment for an act done." The office of an injunction is to restrain or prevent the act for which the punishment might be imposed. The punishment of which plaintiff complains was not for an act done before the injunction suit was commenced against him, or before the act in question was passed, but for an act committed long after both of such events. The injunction, read in the light of the law, commanded him to refrain from maintaining such a nuisance in the sixth judicial district. After the command issued he violated it. The punishment was for that violation. The act is not invalid because retroactive.

II. It is urged that if the court had authority to enter a decree binding throughout the judicial district, the failure to so provide in terms in the decree would render it inoperative outside of the building named. And in argument it is said: "How do we know when the injunction decree was being settled, but that the court refused to extend its scope" beyond the particular place? The answer is that it was not the office of the court to extend, or to refuse to extend, its scope. The office of the court was to grant or refuse to grant the writ. If granted, the law fixed its scope and extent. The law says: "The injunction granted shall be binding on the party or parties enjoined throughout the judicial district in which the action is brought." The court does not seem to be vested with a discretion as to the geographical scope of the writ.

III. Speaking of the decree in the injunction case having been entered in 1888, the plaintiff says: "Subse-

quently thereto the Bowman [8 Sup. Ct. Rep. 689, 1062] and Leisy [10 Sup. Ct. Rep. 681] cases were decided by the supreme court of the United States," and "we claim that these decisions dissolved this decree, so far as original package houses are concerned." Without intimating that the claim is well founded, it is enough to say that this is not such a case, and that, in our opinion, it stands unaffected by those decisions.

IV. It is urged that the "judgment is contrary to the evidence." We think the evidence fully sustains the judgment. Of this we think there is no doubt, and we need not discuss it.

V. The law provides that in criminal proceedings where there is a judgment to be. entered upon a verdict or a plea of guilty, the court must fix a time for pronouncing judgment which in no case can be less than six hours after the verdict is rendered. It is urged that the law applies to cases of judgments for contempt, because the proceeding is *quasi* criminal, and the same reasons exist for delay as in criminal cases. Because the law has prescribed such a delay in particular cases, it is not for the courts to prescribe them in other cases when the reasons for such a rule are the same. The mere necessity for such a rule will not justify the courts in saying that it is a rule.

3. ——: ——:
contempt:
time for
pronouncing
judgment.

We discover no ground for disturbing the action of the district court, and the judgment is AFFIRMED.