W. W. WALKER, Plaintiff, v. J. L. KENNEDY, Judge.

Contempt: VALIDITY OF ORDER: FILING OF EVIDENCE. Where the facts are not within the knowledge of the court or judge an order of committment for contempt, made before the evidence is reduced to writing and filed, is void.

WEDNESDAY, FEBRUARY 13, 1907.

CERTIORARI proceeding to review the action of the defendant as judge of the district court of Woodbury county in adjudging the plaintiff guilty of contempt of court for the violation of a temporary injunction restraining him from the illegal sale of intoxicating liquors.— *Annulled.*

*Wilbur Owen,* for plaintiff.

No appearance for the defendant.

SHERWIN, J.— The certificate of the defendant, accompanying his return, shows that the testimony of the witnesses on the trial of the contempt case was taken in shorthand, but that the shorthand notes were not filed until eighty-five days after the judgment was entered, and that they were not certified to by either the judge or the reporter until one hundred and sixty-one days after judgment, and that no translation of them has ever been filed.   In *Dorgan v. Granger, Judge,* 76 Iowa, 156, we held that punishment for contempt based on facts not within the knowledge of the court or judge, but proved by the testimony of others, is void, unless the evidence is reduced to writing and filed and properly made of record, as required by law, before the order of commitment is made.   See Code, section 4466; *Lutz v. Aylesworth,* 66 Iowa, 632; *Goetz v. Stutsman,* 73 Iowa, 694.   In the Dorgan case the contempt charged was the violation of an injunction against the sale of liquor, and we held the commitment invalid and discharged the plaintiff.

That case is controlling, and the order of the defendant herein must be, and it is, adjudged to be of no force or effect, and it is *annulled.*