### W. C. BARBER, Plaintiff, v. HUGH BRENNAN, Judge, Defendant.

**Contempt:** FINDING OF COURT: WHEN CONCLUSIVE. Where there is evidence from which it can properly be found that defendant was not guilty of violating an order of the court by making sales of liquor to certain persons, the judgment of the district court refusing to punish him for contempt will not be disturbed.

**Illegal sale of liquor:** CONTEMPT: INTENT. The sale of liquor by a pharmacist without taking a written request therefor, showing the purpose for which it is desired, is a violation of an injunctional order restraining illegal sales, and is punishable in contempt proceedings irrespective of the question of intent in making the sales.

**Same:** REVIEW OF TRIAL COURT'S FINDINGS. The trial court cannot rightfully refuse to punish for contempt, where it is conclusively shown that a defendant has violated an injunctional order restraining the illegal sale of liquor; and where this is done the facts of the case will be reviewed on appeal and it will be remanded for a proper order.

CERTIORARI proceedings to review the action of the defendant in refusing to punish for contempt.—*Annulled* and *remanded*.

WEDNESDAY, JANUARY 13, 1909.

*M. S. Odle,* for plaintiff.

*Spurrier & Parsons,* for defendant.

SHERWIN, J.—On the 21st day of March, 1908, a temporary writ of injunction was issued by the district court of Polk County restraining the Loper Drug Company and J. H. Loper from unlawfully keeping or dispensing intoxicating liquors. On the 17th day of April, 1908, the petitioner herein, who is also the appellant, filed in the office of the clerk of the district court of Polk County an information and affidavit charging that said J. H. Loper had violated the temporary injunction theretofore issued by making unlawful and illegal sales of intoxicating liquors, and asking that he be brought before the court and required to show cause why he should not be punished for contempt in violating the temporary injunction which was during all of said time in force.

The petition charged the defendant generally with a violation of the prohibitory law, and specifically charged that he had violated it in making sales to certain individuals. Evidence was introduced by the plaintiff tending to show specific sales of intoxicating liquors without requiring a written request therefor, as provided by the statute. These sales were denied by the defendant, and this denial was supported by evidence from which the defendant may well have found that the alleged sales had not in fact been made, and, as to this branch of the question, it is sufficient to say that the judgment of the trial court should not be disturbed.

1. CONTEMPT: finding of court: when conclusive.

It is conclusively proven, however, that after the issuance of the injunction, and while it was still in force, the defendant, through his servants, had made a great many sales of intoxicating liquors upon written requests which wholly failed to show that the liquors so sold were bought for medical or other lawful purposes. Code, section 2394, requires that a pharmacist before selling or delivering any intoxicating liquor shall take a written request signed by the applicant, which shall state "the actual purpose for which the request is made, and for what use desired." We have held in many cases that the requirement of the statute as to this request must be complied with, and that, where there is a failure to comply with any of the substantial requirements of this statute, the party making the sale or for whom the sale is made is guilty of a violation of the law, and subject to punishment therefor. *State v. Gregory,* 110 Iowa, 624; *State v. Swallum,* 111 Iowa, 37; *Riser v. Tapper,* 133 Iowa, 628; *Peak v. Biddinger,* 133 Iowa, 127.

2. ILLEGAL SALE OF LIQUOR: contempt: intent.

Defendant's counsel argue, however, that in contempt proceedings of this character the intent of the party is material, and that there should be no punishment for the violation conceded herein because of the good faith of the defendant Loper, but we have held otherwise. See cases heretofore cited and *Lewis v. Brennan,* 141 Iowa, 585; *Long v. Joder,* 139 Iowa, 471; *Lindsay v. Hatch,* 85 Iowa, 332.

It is also said that where the trial judge has found the party charged guiltless of the contempt on the facts in the case, this court has no power to review said facts. This contention is also directly opposed to the decisions of this court. *Lindsay v. Hatch, supra; Lewis v. Brennan, supra.* In the *Lindsay* case there was a proceeding by *certiorari* to test the legality of an order refusing to punish for a

3. SAME: review of trial court's findings.

similar contempt, and where it was also conceded that the prohibitory liquor law had been violated, and it was said: "It is true the defendant found that Hagensick was not guilty of a contempt, but he did so notwithstanding the fact that the violation of the injunction was fully shown by the stipulation of the parties, and in no manner contradicted, and it should have been punished as one. In view of the facts disclosed by the record, the defendant might well have used the discretion given by law to impose the lightest punishment which would meet its requirements: but in deciding that there was no contempt and in discharging the accused he acted illegally."

The contention of the defendant that under the common law the trial judge has exclusive power over contempts in violation of his authority has no application to a contempt of this nature, or, in fact, to contempts under the general statute of this State. Contempts in this State are governed by statute, and not by common-law rules. *Drady v. District Court of Polk County,* 126 Iowa, 345. Sections 2405 and 2407 provide for contempt proceedings where an injunction restraining the illegal sale of intoxicating liquor has been issued. In the former section it is said: "When an injunction has been granted, it shall be binding on the defendant in the judicial district in which it was issued, and any violation of the provisions of this statute by manufacturing, selling or keeping for sale intoxicating liquors anywhere in said district shall be punished as a contempt as provided in this chapter." Section 2407 provides that "a party found guilty of contempt under the provisions of this section shall be punished by a fine of not less than $200 nor more than $1,000, or by imprisonment in the county jail not less than three nor more than six months, or by both fine and imprisonment." This statute leaves no discretion with the trial judge when it is clear that there has been a violation of an injunction restraining the illegal sale of liquors. When

such a violation of the law is shown, it is the imperative duty of the judge to enforce the statute and to punish for the contempt which has been committed, and, if he refuses so to do, he acts illegally, and his order is subject to review by this court. See cases heretofore cited. The statute in question is unlike the general contempt statute in this respect. It is a part of the law relating to the suppression of the illegal traffic in intoxicating liquors, and was enacted for the purpose of providing a more complete and expeditious method of dealing with the traffic, and, having been enacted for this purpose, there is no valid reason why it should not receive the same consideration as a part of the law governing the sale of intoxicating liquors as any other of the provisions of the statute relating thereto.

It is manifest from the record in this case that the defendant acted illegally in refusing to punish for a contempt which was shown without contradiction, and, such being the case, it is the duty of this court to annul his order and remand the case for proceedings conforming to this opinion.—*Annulled* and *remanded.*