SAM GIBSON, Complainant, v. WILLIAM HUTCHINSON, Judge of the District Court, Respondent.

Contempt: FORMER JEOPARDY. A prosecution for contempt is not a criminal proceeding in the sense that one discharged from liability in such a proceeding may not be again tried or punished for the same act.

Same: JUDGMENT: WHEN VOID. A judgment for contempt which is entered before the evidence upon which it is based has been filed, either by filing the shorthand notes or transcript of the same, is void.

THURSDAY, JUNE 16, 1910.

CERTIORARI proceedings instituted in this court to review the legality of the conviction of the defendant of contempt of court. The facts are stated in the opinion. Judgment of conviction *annulled.*

*T. P. Murphy* and *Wilbur Owen,* for complainant.

*John F. Joseph,* for respondent.

WEAVER, J.—Sam Gibson, complainant herein, was the keeper of a saloon in Sioux City, and prior to February 2, 1909, had been duly enjoined from the unlawful sale and keeping for sale of intoxicating liquors. On the date named an information was filed by one Sawyer charging him with a violation of the injunction. A hearing upon

said charge was had before the court on May 4, 1909, and an order entered finding that the charge of contempt was not sustained by the evidence and discharging the accused. On certiorari proceedings begun by the informant. this court annulled and set aside said order of discharge. See *Sawyer v. Oliver,* 144 Iowa, 382. After the decision here referred to had been handed down, Gibson was re-arrested upon the original charge of contempt, and upon hearing before the district court, Hon. William Hutchinson, respondent herein, presiding, he was found guilty as charged and adjudged to pay a fine. To annul this order and fine the present proceedings in certiorari have been instituted. As entitling him to this relief, complainant relies upon two propositions:

I. He contends that a prosecution for contempt is a "criminal proceeding," and that the order of May 4, 1909, releasing him therefrom, is an acquittal which, under section 12, of article 1, of the Constitution

1. CONTEMPT: former jeopardy.

of the state, relieves him from liability to be again tried or punished for the same act. In the recent case of *Brown & Bennett v. Powers,* 146 Iowa, 729, we had occasion to consider this constitutional objection and held it not to be well taken. Without undertaking a discussion of the question, we have to say that we are still of the opinion there indicated. It is a well-settled proposition that while the proceedings to punish for contempt may in some features resemble hearings. in criminal proceedings and judgment of fine and imprisonment may be entered, yet the object and purpose thereof is not to punish a public offense, but to compel obedience to and respect for the order of the court. The authority to so punish inheres in all the courts, whether with or without jurisdiction in criminal cases, and, if the act punished be both a crime against the laws of the state and a contempt of court, punishment for the latter has never been held to afford immunity against prosecution and punishment for

the former.    The annulment of the order for Gibson's discharge did no more than to restore the contempt proceedings to the position they occupied before it was entered, and the district court was clearly within its authority and in the strict line of its duty in assuming jurisdiction to act without reference to such erroneous order.

II.    Complainant further objects that the evidence upon which he was convicted of contempt was not taken down and filed as required by law.    The statute upon the subject provides that before punishment for contempt the accused must be given opportunity to show cause against it, and in cases where the action of the court is founded upon evidence of others it must be reduced to writing and filed and preserved.    Code, sections 4465, 4466.    To determine whether there was any material departure from the statutory rule, we must look to the respondent's return to the writ of certiorari.    It is there certified that the hearing was had on February 21, 1910; that the proceedings were taken down in shorthand by the official reporter; that the order finding complainant guilty of contempt and adjudging him to pay a fine was entered March 3, 1910, and the shorthand notes of the proceedings were not filed until March 12, 1910.    The case seems to be governed by the decision in *Walker v. Kennedy,* 133 Iowa, 284, and others of its class.    That precedent is directly in point, in that upon a similar charge it was held that conviction must be annulled because of the failure to have the evidence either in shorthand or extended transcript filed of record until some time after the judgment assessing the punishment was entered.    The same rule was announced in *Dorgan v. Granger,* 76 Iowa, 156.    Were the question before us for the first time, some members of the court would be inclined to a more liberal construction of the statute upon this subject; but we are not disposed to create confusion in our cases by disapproving or overruling

2. SAME: judgment: when void.

the decisions referred to. With a very little care and watchfulness on part of counsel in such proceedings to have the evidence either in full transcript or shorthand notes duly certified and filed at the time of submission, such failures and delays of justice could not occur.

For the reason stated, the judgment assessing punishment against complainant will therefore be annulled, but without prejudice to the authority of the district court to resume jurisdiction of the contempt proceedings and to enter such judgment therein upon the evidence now of record and in harmony with the views herein expressed.— *Annulled.*