STATE OF IOWA ex rel. JOHN B. HAMMOND, Petitioner, v. JAMES C. HUME, Respondent.

INTOXICATING LIQUORS: Contempt—Unauthorized Parole. The jurisdiction of the district court to parole persons convicted of *crime* does not embrace jurisdiction to parole persons convicted of *contempt* for the violation of intoxicating liquor injunctions. (Sec. 5447-a, Code Supp., 1913.)

*Certiorari to Polk District Court.*—JAMES C. HUME, Judge.

JUNE 23, 1922.

CERTIORARI proceeding, instituted in this court, to review the validity of an order entered by respondent court paroling one George Willoughby from a judgment finding him guilty of contempt of an injunction in a liquor injunction cause. The facts are stated in the opinion. The order of parole is annulled.—*Annulled.*

*A. G. Rippey,* County Attorney, and *Vernon R. Seeburger,* Assistant County Attorney, for petitioner.

*John L. Thompson* and *C. H. Miller,* for respondent.

ARTHUR, J.—On December 16, 1915, in a suit of equity in Polk district court entitled "State of Iowa v. George Willoughby," a decree was entered permanently enjoining Willoughby from keeping and maintaining a nuisance by selling and keeping for sale or otherwise trafficking in intoxicating liquors. On November 14, 1921, John B. Hammond, relator, filed in the office of the clerk of the Polk district court an "information and petition to cite for contempt of court," alleging that, on or about the 17th day of June, 1921, and at other times, George Willoughby had owned and kept for sale, with intent to sell, intoxicating liquors, in violation of the injunction issued against him on the 16th day of December, 1915. Relator prayed that Willoughby be cited to appear and show cause why he should not be adjudged in contempt. The contempt proceeding was heard, and on December 5, 1921, the court, Hon. James C. Hume presiding, entered an order finding Willoughby guilty of contempt of the injunction of December 16, 1915, and imposed a fine on Willoughby of $200, in default of payment of which he should be committed to the Polk County jail for a period of 60 days. On December 20, 1921, Willoughby applied to the court for a parole from the order finding him guilty of contempt, and the court entered an order paroling Willoughby to one Ray Womelsdorf for a period of 60 days from and after the 19th day of December, 1921, upon filing of a parole contract, which order was complied with.

On January 23, 1922, the county attorney of Polk County

moved to vacate the parole order entered on December 20, 1921, supporting the motion by the affidavit of himself, A. G. Rippey, and the affidavit of J. B. Hammond, relator in the instant case, stating "that this court was without jurisdiction to grant said parole," and asking that the parole order be vacated.

On March 11, 1922, the court entered an order overruling the motion to vacate the parole order. This proceeding was instituted to review and test the legality of the order of parole.

The premises stated disclose the question before us, which is: Did the court have jurisdiction to suspend the order imposing fine or imprisonment, and to substitute therefor or supersede such order by the order of parole?

It will be helpful in the consideration and discussion of the question involved to advert to our statute providing for punishment for violation of a liquor injunction, and to some of our cases where we have had occasion to consider the statute. Code Section 2407 reads as follows:

"In case of the violation of any injunction granted under the provisions of this chapter, the court, or in vacation a judge thereof, may summarily try and punish the offender. The proceedings shall be commenced by filing with the clerk of the court an information under oath, setting out the alleged facts constituting such violation, upon which the court or judge shall cause a warrant to issue, under which the defendant shall be arrested. The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses. A party found guilty of contempt under the provisions of this section shall be punished by a fine of not less than two hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than three nor more than six months, or by both fine and imprisonment."

We have held that the statute is mandatory, and leaves no discretion with the trial court, when it is clear that there has been a violation of an injunction restraining the illegal sale of liquors. *Barber v. Brennan*, 140 Iowa 678; *State v. Voss*, 80 Iowa 467. In the *Barber* case, supra, we said:

"This statute leaves no discretion with the trial judge when it is clear that there has been a violation of an injunction re-

straining the illegal sale of liquors. When such a violation of
the law is shown, it is the imperative duty of the judge to en-
force the statute and to punish for the contempt which has
been committed; and, if he refuses so to do, he acts illegally,
and his order is subject to review by this court.''

In *State v. Voss*, supra, which was a certiorari proceeding,
the defendants were found guilty of contempt for violating a
liquor injunction, and were adjudged to pay a fine, and to be
imprisoned, in default of such payment. The judgment entered
by the court contained the following provision:

''The execution of this judgment is to be suspended during
the pleasure of the court; but, whenever the court, or one of the
judges thereof, so directs, execution and warrant of commitment
are to issue.''

In passing upon such provision in the judgment entered,
we said:

''The question of the case is a simple one, and demands but
brief discussion. The condition of the judgment puts its execu-
tion wholly within the discretion of the court below, whether
that discretion be exercised with or without justice or reason.
If it be the pleasure of that court, process may never be issued
upon the judgment. The case is this: We find a judgment
for a fine against defendant, which can only be enforced at the
pleasure of the court. The judgment is thus suspended, and
the state is defeated of the remedy provided by law, upon the
exercise of the pleasure of the district court. If the power
to do this exists in a case of contempt, it must exist in all cases
punishable by fine and imprisonment. The law is no respecter
of persons. One violator of law possesses no rights of immu-
nities not held by another. It follows, then, that all fines and
penalties prescribed by law may be collected only when it ac-
cords with the pleasure of the court in which judgment is ren-
dered therefor. The claim of the validity of the condition of
the judgment leads to the most absurd results. It is hardly
necessary to say that it is based upon no statute.''

We have no special statute with reference to paroling a
violator of a liquor injunction. The only statute with refer-
ence to parole is Section 5447-a, Code Supplement, 1913, reading:

"That whenever any person over the age of sixteen years, and under the age of twenty-five years, shall be convicted of any crime against the laws of this state, excepting treason, murder, rape, robbery and arson, if such conviction shall be the first conviction of the defendant for a felony, the trial judge before whom such conviction is had, and by whom the judgment of the court is pronounced, shall have the power to suspend the execution of the sentence of such person so convicted and place such person in custody and under the care and guardianship of any suitable person a resident and citizen of the state of Iowa, during good behavior of such person so convicted, and the judge so exercising this power of suspension of the execution of sentence shall enter same upon the calendar and cause the same to be journalized and made of record in the court in which such conviction is had, and the person having such custody, care and guardianship of the person, the execution of whose sentence has been suspended, shall make a full and complete report every thirty days, in writing, to the district court wherein such conviction was had, showing the whereabouts and conduct of the person thus placed in his care, custody and guardianship. Such person, however, may be pardoned by the governor at any time after the suspension of execution of the sentence pronounced against him upon such conditions and with such restrictions and limitations as he may think proper."

It is conceded by respondent, as we understand him, that authority for the parole which was granted must be found in the above quoted parole statute.

Counsel for petitioner take the position that a proceeding to punish for contempt of court for violation of a liquor injunction is not a criminal proceeding; that violation of an injunction is not a crime; and that, therefore, the statute authorizing parole does not cover such a case. In support of their position they cite *McGlasson v. Johnson*, 86 Iowa 477; *Brown & Bennett v. Powers*, 146 Iowa 729; *Gibson v. Hutchinson*, 148 Iowa 139; *Judge v. Powers*, 156 Iowa 251. In *Gibson v. Hutchinson*, supra, we said:

"It is a well settled proposition that, while the proceedings to punish for contempt may, in some features, resemble hearings

in criminal proceedings, and judgment of fine and imprisonment may be entered, yet the object and purpose thereof is not to punish a public offense, but to compel obedience to and respect for the order of the court. The authority to so punish inheres in all the courts, whether with or without jurisdiction in criminal cases, and, if the act punished be both a crime against the laws of the state and a contempt of court, punishment for the latter has never been held to afford immunity against prosecution and punishment for the former.''

In *Judge v. Powers,* supra, one of the questions discussed was whether a decree finding the plaintiff guilty of contempt for violation of a liquor injunction was a ''conviction,'' within the meaning of Section 3 of Chapter 142 of the Acts of the Thirty-third General Assembly. We said:

''We reach the conclusion that punishment for contempt was not a 'conviction' of violating the laws of this state relating to the sale of intoxicating liquors.''

Respondent took the position, in granting the parole, and his counsel here seek to maintain such position, that Willoughby, in the contempt proceeding, was ''convicted'' of a ''crime,'' and therefore comes within the express provisions of the parole statute. It will be noted that respondent bases his holding upon the premise that a contempt proceeding is a criminal case; and that, in the contempt proceeding, Willoughby was convicted of a crime; and that the court had, therefore, jurisdiction and authority to parole Willoughby under the parole statute, which provides for parole of persons ''convicted'' of any ''crime'' against the laws of this state, excepting certain crimes. In justice to the court who granted the parole for the release of Willoughby, it should be stated that there is respectable authority for his course in that matter. As before stated, the principal reason upon which the court based his order of parole was that the contempt proceeding was a criminal case. We cannot agree with the learned court. We believe that the term ''crime,'' as used in our parole statute, was intended to be understood as meaning those cases and crimes provided for in our criminal code, for which a conviction must be had in the manner provided by law for the trial of criminal cases. The

Constitution, as well as the law, in all criminal cases gives to the defendant the right of trial by jury; but it has never, in this state, been held that a defendant charged with contempt was entitled to a jury. It has been held that he is not entitled to a jury. *McDonnell v. Henderson,* 74 Iowa 619.

The proceeding for contempt is a summary proceeding. Code Section 2407 especially makes a contempt proceeding arising from violation of a liquor injunction cause a summary proceeding. Its first sentence reads:

"In case of the violation of any injunction granted under the provisions of this chapter, the court, or in vacation a judge thereof, may summarily try and punish the offender."

We are constrained to hold that the respondent court was without jurisdiction and authority to suspend execution of the judgment in the contempt proceeding, and to grant a parole to Willoughby.

Counsel for respondent urge that the order of parole should not be annulled, for the reason that Willoughby has been punished for his contempt; has served his term of punishment by carrying out the order of parole. We think that living and working the 60 days under the contract provided by the order of parole furnish no reason for refraining to annul the order of parole.

The order of parole of the respondent court is annulled.— *Annulled.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.