KATE TEASDALE, Petitioner, v. D. M. ANDERSON, Judge, Respondent.

**INTOXICATING LIQUORS: Contempt—Form of Information.** Jurisdiction of contempt proceedings is conferred by a "petition in equity," instead of an "information."

**CONTEMPT: Judgment—Filing Evidence.** The requirement that the written evidence taken in contempt proceedings be filed, is complied with (1) by filing the shorthand notes with the clerk on the day judgment is entered, and (2) by later filing a transcript of said notes.

**INTOXICATING LIQUORS: Contempt—Manner of Hearing.** Parties who, without objection, try contempt proceedings on oral testimony may not later object that the court made no order relative to a hearing on affidavits.

*Certiorari to Monroe District Court.*—D. M. ANDERSON, Judge.

OCTOBER 16, 1923.

PROCEEDING in certiorari, to test the validity of orders made by respondent in a contempt proceeding. Facts appear in the opinion. Writ is discharged, and judgment of trial judge affirmed.

*Price & Hickenlooper,* for petitioner.

*T. B. Perry, Jr.,* County Attorney, for respondent.

ARTHUR, J.—I.   On the 20th day of May, 1904, petitioner, Kate Teasdale, who was defendant in an equity action, was enjoined by the Monroe district court from selling and keeping for sale intoxicating liquors.  Again, on the 17th day of June, 1907, in an equity action, petitioner was enjoined by said court from selling and keeping for sale intoxicating liquors.   On March 15, 1923, there was filed in the Monroe district court a verified pleading, entitled "petition in equity," alleging the two above mentioned liquor injunction proceedings and the decrees entered in said proceedings enjoining Kate Teasdale, petitioner in the instant case, from selling and keeping for sale intoxicating liquors; and in Paragraph 3 of said "petition in equity" the following charge is made:

"That said defendant, Kate Teasdale, is now, and has been, selling and keeping, with intent to sell, intoxicating liquors, contrary to law, within the city of Albia, Troy Township, Monroe County, state of Iowa, between the 1st day of January, 1922, and the filing of this petition; and that said selling and keeping, with intent to sell, intoxicating liquors occurred within the dwelling where said defendant, Kate Teasdale, lived in said city."

The prayer of said petition is as follows:

"Wherefore, this relator prays that said Kate Teasdale, defendant, be cited to appear before this court and show cause why she should not be adjudged in contempt of this court."

Said so-called "petition in equity" was presented to respondent, and on March 15, 1923, an order was made as follows:

"Upon reading the within affidavit and information in the above entitled cause, it is ordered that a warrant issue forthwith from the clerk of this court for the arrest of said defendant, Kate Teasdale, and that she be brought before me at the courthouse in Albia, Iowa, at 9 o'clock A. M. on the 17th day of March, 1923, to show cause, if any that she may have, why she should not be adjudged in contempt of court and dealt with accordingly.

"The defendant is to be admitted to bail in the sum of one thousand dollars, should she desire to give bail.

"[Signed]   D. M. Anderson, Judge."

Thereafter, several orders were entered, continuing the hearing, and the matter came on for trial on April 26, 1923,

before respondent. The proceeding was prosecuted by the county attorney. Attorneys Price & Hickenlooper appeared before respondent and entered their appearance for petitioner, stating that such appearance was for the purpose only of raising the question of jurisdiction of respondent to hear, try, and determine the alleged contempt, and filed motions raising the question of jurisdiction, which motions were overruled. Defendant, petitioner in this action, being present, entered her plea of not guilty, and the hearing was proceeded with on oral testimony. For the prosecution, witnesses were produced who testified that they had bought alcohol and whisky from petitioner. Petitioner, as a witness in her own behalf, denied selling or keeping for sale any intoxicating liquors.

It is unnecessary to set forth the testimony. We have examined the record, and it is sufficient to say that there was ample evidence on which to find Kate Teasdale guilty of contempt in violating the liquor injunctions entered in 1904 and 1907. The court found the petitioner guilty of contempt, and ordered "that she pay a thousand-dollar fine and fifty dollars attorney's fees, and in default of payment be committed to the county jail one day for each three and third dollars until such fine and costs are paid." On May 2, 1923, this proceeding was instituted, and the writ issued.

II. Counsel for petitioner argue that the contempt proceedings are based on a petition in equity, and not on an information, as required by Code Section 2407, which reads:

1. INTOXICATING LIQUORS: contempt: form of information. "In case of the violation of any injunction granted under the provisions of this chapter, the court, or in vacation a judge thereof, may summarily try and punish the offender. The proceedings shall be commenced by filing with the clerk of the court an information under oath, setting out the alleged facts constituting such violation, upon which the court or judge shall cause a warrant to issue, under which the defendant shall be arrested. The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses. * * *"

Counsel urge that, because the statute specifically states that the proceedings shall be commenced by filing "an information," and not merely information, the filing of the "petition in

equity" was not a compliance with the statute, and did not con-
fer jurisdiction for the issuance of a warrant for the arrest of
petitioner, and that respondent exceeded his jurisdiction and
authority in ordering the issuance of a warrant for the arrest of
petitioner.  It is the contention of counsel for petitioner that a
warrant of arrest could properly and legally issue only on an
information filed in the name of the state.  It is not claimed,
and cannot be, that the so-called "petition in equity" did not
contain the essential elements of an information.  In our view,
it is immaterial what the pleading charging violation of the
injunctions was called.  The pleading alleged the entering of
the injunction decrees, and then charged Kate Teasdale with
violation of such decrees by selling and keeping, with intent to
sell, intoxicating liquors, between the 1st day of January, 1922,
and the filing of said charge.  The objection is purely technical.
The pleading filed was in all respects a proper information, and
conferred jurisdiction upon the court as completely as if it had
been styled an information.

III.  Counsel seems to assume that this liquor contempt
proceeding was entertained by the respondent as a court of
equity, and urges that an information, under the statute, does
not confer jurisdiction on courts of equity.  This contention is
based upon a misapprehension.  The proceeding was commenced
before the respondent as a judge, under Section 2407, and the
hearing was had before him as a judge, and not as a court of
equity.

IV.  Petitioner asserts that respondent was without juris-
diction and authority to enter judgment against petitioner on
April 26, 1923, the day the judgment was entered, because the
evidence on which the judgment is based was
2. CONTEMPT:
   judgment: filing   not filed in the office of the clerk of the district
   evidence.          court prior to the entry of judgment.  This ob-
jection is without merit.  The record, the return, shows that
the hearing was commenced on April 26, 1923, and finished on
that day, and the judgment entered on that day, and on the
same day the reporter filed his notes in the office of the clerk of
the district court.  The record does not disclose the exact hour
when the shorthand notes were filed, nor the exact hour when
the judgment was entered.  But the filing of the notes on the

same day the judgment was entered was a compliance with the statute. *Small v. Wakefield,* 84 Iowa 533. On August 16, 1923, a transcript in typewriting of the notes was filed with the clerk. In an additional abstract filed by respondent is set forth *in extenso* the testimony submitted at the hearing. Code Section 4466 provides:

"Where the action of the court is founded upon evidence given by others, such evidence must be in writing, and be filed and preserved, and if the court or judge acts upon personal knowledge in the premises, a statement of the facts upon which the order is founded must be entered on the records of the court, or be filed and preserved when the court keeps no record, and shall be a part of the record."

The instant proceeding comes under the first provision of the statute: that is, "where the action of the court is founded upon evidence given by others." The additional abstract before us discloses that the shorthand notes of the official reporter of the evidence submitted at the hearing were filed with the clerk on the same day of the trial, and that afterwards, on August 16, 1923, the reporter filed with the clerk a transcript in typewriting of his notes. We hold that there was sufficient compliance with the statute with respect to filing and preserving the evidence upon which the judgment for contempt is based. *Goetz v. Stutsman,* 73 Iowa 693. This holding is not contrary to the holdings in *State v. District Court,* 133 Iowa 450, and *Gibson v. Hutchinson,* 148 Iowa 139. In *State v. District Court,* supra, no transcript of the shorthand notes was ever made or filed. In the *Gibson* case, supra, the hearing was had on February 21, 1910; the order finding complainant guilty of contempt was entered March 3, 1910; the shorthand notes of the proceedings were not filed until March 12, 1910; and it does not appear that a transcript of the notes was filed at all.

V. It is urged that the court was without jurisdiction to try petitioner, for the reason that the court, at the time of ordering her arrest, failed to provide that the hearing be had on affidavits, as provided by Code Section 2407. This contention is without merit. The record does not disclose that it was asked by either party that the trial be had on affidavits, and the trial proceeded

3. INTOXICATING LIQUORS: contempt: manner of hearing.

and the parties submitted the case on oral testimony, without objections to that manner of submission.

. We reach the conclusion that the respondent judge acquired jurisdiction of the contempt proceeding involved in this action, and that he did not exceed his jurisdiction and authority in any of the orders and judgment complained of.

Results in discharging the writ and affirming the judgment.

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.