FRANK TOUCH, Petitioner, v. W. G. BONNER, Judge, Respondent.

**CONSTITUTIONAL LAW:** Excessive Fines—Violation of Injunction.
1  A penalty of a fine of $1,000 and, in default of payment, commitment to the county jail for ten months, for the second offense of violating an injunction against the sale of intoxicating liquors, is not constitutionally excessive.

**INTOXICATING LIQUORS:** Contempt—Criminal Prosecution as Bar.
2  A criminal prosecution for a violation of the intoxicating liquor statutes is not a bar to contempt proceedings based on the same act.

**Headnote 1:** 33 C. J. p. 704.  **Headnote 2:** 33 C. J. p. 703.

*Certiorari to Polk District Court.*—W. G. BONNER, Judge.

NOVEMBER 17, 1925.

REHEARING DENIED FEBRUARY 19, 1926.

CERTIORARI to review the proceedings of the district court of Polk County wherein the plaintiff was adjudged guilty of contempt for disobeying a liquor injunction.—*Writ discharged and order affirmed.*

*Schaetzle & Sloane,* for petitioner.

*Vernon R. Seeburger* and *C. I. Spencer,* for respondent.

MORLING, J.—From the return, and from the judgment of November 22, 1924, brought here for review, it appears that the defendant was, on February 9, 1916, permanently enjoined from maintaining a liquor nuisance. On March 22, 1919, he was adjudged guilty of contempt for violating this injunction. On June 19, 1919, and again on September 16, 1924, and again on October 24, 1924, the defendant was found to have violated the injunction,

1. CONSTITUTIONAL LAW: excessive fines: violation of injunction.

and adjudged to be in contempt. The judgment under review again found the defendant to be in contempt for violating the same injunction, and by it he was fined $1,000 and costs, and in default of payment committed to jail until the fine and costs should be paid, not exceeding ten months.

I. The plaintiff's first proposition is that the fine is excessive, and the statute authorizing it violative of Section 17, Article 1, of the state Constitution, which reads:

"Excessive bail shall not be required, excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted."

Section 2030 of the Code of 1924 is as follows:

"A party who, having once been found guilty of contempt for violating the provisions of any such injunction, shall for each such subsequent violation be punished by a fine of not less than $500 nor more than $1,000 or by imprisonment in the county jail for not less than six months nor more than one year."

In *Jordan v. Circuit Court,* 69 Iowa 177, decided with reference to the imposition of a $500 fine for contempt of a liquor injunction, when a fine of that amount was more punitive than a $1,000 fine is today, we said:

"Obedience to the orders of the court must be secured, and we are not prepared to say that, if the fine provided shall prove to be insufficient, some future legislature would not be justified in providing a larger one."

Commitment of the defendant until the fine should be paid, not exceeding 150 days, as provided by the statute then in force, was also sustained. We see no reason for departing from or modifying the holding of that case. *Barber v. Brennan,* 140 Iowa 678.

*Flannagan v. Jepson,* 177 Iowa 393, relied upon by plaintiff, does not sustain his position.

II. If we understand plaintiff correctly, his further contentions are that a prosecution for a crime "will bar a subsequent prosecution for contempt when the two proceedings are based upon the same act; that, if a court would punish for contempt, it must do so before criminal proceedings for the same act are instituted, or it will be barred from such action." Plain-

2. INTOXICATING
LIQUORS: contempt: criminal
prosecution as
bar.

tiff seems to argue that, although contempt proceedings are not of a criminal nature, yet the penalty for contempt is within the scope of Section 17 of Article 1 of the Constitution, and that the plaintiff is entitled to a jury trial and to be advised of his right to counsel, and that the penalty inflicted in this case is such as to deprive him of his liberty or property without indictment and trial by jury.

These questions have been so fully discussed in previous opinions that further consideration of them would be superfluous. *Gibson v. Hutchinson,* 148 Iowa 139; *Brown & Bennett v. Powers,* 146 Iowa 729; *State v. Hume,* 193 Iowa 1395. See, also, *Teasdale v. Anderson,* 196 Iowa 673; *McGlasson v. Johnson,* 86 Iowa 477; *Barber v. Brennan,* 140 Iowa 678.

The writ is discharged, and the order of the district court is—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.