HARDY FRIEND, Petitioner, v. B. F. CUMMINGS, Judge, Respondent.
No. 39386.

1202

*F. E. Northup,* for appellant.

*Joe B. Tye,* for appellee.

DE GRAFF, J.—On the 14th day of March, 1923, in Cause No. 14421, a default decree was entered in the district court of Iowa in and for Marshall County, against the petitioner herein, on a petition for injunction filed January 31, 1923, by the State of Iowa upon the relation of Roy L. Pell, county attorney of Marshall County, Iowa. This injunction is the only injunction involved in the instant case, and it is this injunction upon which an information and petition was filed by the then county attorney of Marshall County on July 9, 1927, asking that the defendant (petitioner herein) be cited for contempt of court. The decree of injunction aforesaid ordered, adjudged, and decreed:

"That the said defendant Hardy Friend be restrained and perpetually enjoined from, by himself, his employee, agent, or servant, from keeping or carrying around on his person or in his automobile, or leaving in a place for others to secure, any intoxicating liquor with intent to sell or dispense of the same by gift or otherwise, * * * and in any manner, directly or indirectly, from soliciting, taking, or accepting any order for the sale, shipment, and delivery of intoxicating liquor."

In brief, it was an injunction restraining and enjoining the defendant Hardy Friend from bootlegging, and the decree embodies the language of the statute defining and punishing bootlegging. Section 1927, Code of 1924. The writ of injunction in said Cause No. 14421, which was served upon the defendant on February 2, 1927, was an injunction in plain English, and under the terms of a liquor nuisance injunction, as per terms of the definition of liquor nuisance defined and punished under Section 1929, Code of 1924. It is around this fact that the primary con-

tention of the petitioner gravitates. It is quite apparent that the information filed by the county attorney for citation of defendant for contempt is based upon the bootlegging injunction, entered March 14, 1923. This is certain, since it is conceded of record that the bootlegging injunction "is the only one that was ever issued."

It is not questioned that a prosecution for the crime of bootlegging, in which a verdict of guilty was returned and judgment entered thereon, will not bar a subsequent prosecution for contempt, predicated on the violation of an injunction entered in such cause. *Touch v. Bonner*, 201 Iowa 466, 467. This rule is not applicable to the instant case, for the reason that the petitioner herein, defendant in the criminal prosecution, was not shown by the evidence to have violated the terms of the injunction issued, restraining him from bootlegging. It does appear that, on January 3, 1927, the defendant was indicted for maintaining a liquor nuisance. The cause was tried, and a verdict of guilty was returned, and judgment was entered. The cause was appealed to the Supreme Court, and at the time of the trial on the contempt, the action was pending on appeal in this court. Upon the trial of the contempt proceeding, the same evidence was used as upon the trial on the indictment for liquor nuisance, under which the defendant had been sentenced and an appeal taken.

The crime of liquor nuisance and the crime of bootlegging are distinct offenses under our criminal code. See *State v. Boever*, 203 Iowa 86. The evidence offered upon the liquor nuisance indictment, which was the basis for finding the defendant (or petitioner) guilty of contempt of the bootlegging injunction, does not prove or tend to prove that the petitioner herein violated the bootlegging injunction. It simply tended to establish the allegations of the liquor nuisance indictment.

It may be observed, as heretofore noted, that the trial court caused to be served through the sheriff, on Hardy Friend, on February 2, 1927, a writ of injunction which in no wise corresponded to the original decree of injunction entered against the defendant on March 14, 1923; nor did the trial court have authority, under the information filed for contempt, to predicate a judgment finding the defendant guilty of contempt, and punish him therefor. This question is raised in the answer of the petitioner to the citation for contempt in these words:

1204

"That by the terms of the injunction itself it was only intended to prevent bootlegging, and was not an injunction based upon the maintenance of a liquor nuisance, but only an injunction based upon the alleged acts of bootlegging, and that an injunction was granted on default, which injunction by its terms and by the intendment, as shown in the proceedings, was limited to carrying about on his person or placing intoxicating liquor in places to be found by others. In other words, to enjoin against the continuation of bootlegging."

We have no quarrel with the rule announced in *Labozetta v. District Court*, 200 Iowa 1339, 1342, that a defendant who has been duly noticed into court on an application against him for an injunction against the unlawful sale of intoxicating liquor must take notice of the resulting decree against him. In the instant case, however, the respondent court did not attempt to serve a decree of injunction upon the defendant, which was the decree entered against the defendant. Even though no writ of injunction had been served under the order of court, we hold that the petitioner could not be punished for contempt upon evidence which was introduced to support an indictment for a liquor nuisance, which evidence did not tend to prove that he had violated the terms of a bootlegging injunction.

This court does not make the law, but it is bound to interpret the law, and does so impartially, and regardless of the person or the subject-matter involved. Other propositions have been urged by the appellant, but we deem it unnecessary to make answer thereto. We have answered the controlling and determining question. Wherefore, the judgment entered is vacated, and the writ—*Sustained*.

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.